By the court.
The question before us is not whether the defendants may sustain a suit against the plaintiffs for the supposed injury done to them in swelling the water below; but whether the testimony offered is sustainable in the present action? That part of the defence which was grounded on the suit brought by Waggoner seems to be abandoned.
The motion of the defendants can only be supported under the defalcation act, or the liberality of the practice of the courts of this state, under the general issue of payment. The act of 1705 could never have intended that damages under *5741 a covenanb * sounding merely in tort, could be de-J faulked. Other kinds of “bargains,” as for payment of money, &c. must have been within the intention of the legislature. At the same time, we think that our defalcation *574 act of 4 Ann. has much more extensive words than the British statute; there may be clearly cases of set-off amongst us, for which indebitatus assumpsit would not lie, according to the resolutions in England. Cowp. 57. But this ground has not been much relied on by the counsel.
Cited and followed in 1 S. & R., 479; 4 S. & R., 250; 5 S. & R., 122; 10 S. & R., 15 ; 8 Watts, 445 ; 3 W. & S., 332 ; 17 Pa., 52.
Messrs. Thomas and T. Ross, pro quer.
Messrs. Ingersoll, Sitgreaves and J. Ross, pro def.
It remains then to be considered, whether the evidence can be warranted by the practice of courts. It is not within the words or meaning of the 39th rule, regulating the practice of the Supreme Court, nor do we recollect any case that has ever gone so far as is now attempted. The consequence of our admitting such evidence, would be the blending of the most discordant subjects; matters arising ex contractu and ex de-licto, and therefore we think that the evidence cannot be received; but if the counsel should think that we are mistaken, application may be made to the court in bank.
And per Yeates, J. In the case of Erederick Sweitzer v. John Garber in Cumberland, May assizes 1788, I was of counsel with the defendant. The action was brought on a bond, the consideration of lands sold by the plaintiff to the defendant. We offered to shew under the general issue, that the defendant was interrupted in the possession by one Mohler, to whom the premises had been demised by the plaintiff; but the chief justice overruled the evidence. That case was analogous to the present.
The jury found accordingly.

Stat. 2 Geo. 2, c. 22, made perpetual by 8 Geo. 2, c. 24, and the set-off is thereby extended to debts of a different nature,