## Peter Kimmel *against* Joseph Lichty.

If one sells an unsound horse, knowingly, and conceals that circumstance and receives a sound price, he is answerable for the deceit; *aliter*, if he was ignorant that the horse was unsound: but if one sells with warranty, he is answerable, whether he knew the horse to be unsound or not.

CASE for selling an unsound horse, the defendant affirming him to be sound, though he had at the time of sale the disorder called the yellow water.

After arguments of counsel, the court declared the law to be, that where one sells an unsound horse, knowing him to be disordered at the time of sale, and conceals that circumstance from the purchaser, but receives a price from him, which the purchaser would not have consented to give, unless for a sound horse, the vendee may recover damages from the vendor for this deceit; *aliter*, where the seller was wholly ignorant of the horse's being disordered. But if one sells a horse, warranting him to be sound, the contract will bind the vendor, whether he was ignorant at the time of the horse's being disordered or not.

Verdict for the defendant.

Messrs. Woods and Riddle, *pro quer.*

Messrs. Dunlap and Weigley, *pro def.*

*Vide* 1 Pow. Contracts 150. 1 Lev. 102. 1 Sid. 146. 1 Salk. 211. 2 Ld. Raym. 1118. Yelv. 20. Cro. Jac. 4. Espin. 629.

Cited in 3 Rawle 44 in support of the decision that in all sales of goods there is an implied warranty, that the article delivered shall correspond in specie with the commodity sold unless there are facts and circumstances to show that the purchaser took upon himself the risk of determining not only the quality of the article, but the kind he purchased.

Cited as to the form of action in 17 Pa. 52.