# Siltzell *against* Michael.

A party to a suit is a competent witness to prove the service of notice on the opposite party.

*Indebitatus assumpsit* will lie to recover the purchase money of land sold and conveyed to the defendant.

In an action to recover the purchase money of land sold and conveyed by the plaintiff to the defendant, it is not competent for the defendant to give evidence of tortious acts done by the plaintiff, by which his possession of the property was disturbed.

In such action, it is not a good objection to the evidence of the deed, that it contains a recital of the plaintiff's title, especially if he proceed afterwards to show a good title by other evidence.

In an action of *indebitatus assumpsit*, the plaintiff is not bound to set out in his declaration the exact sum which he is entitled to recover; he may recover a less sum, but not greater.

In an action to recover the purchase money of land sold and conveyed, it is not competent for the defendant to give in evidence judgments obtained against the vendor after the delivery of the conveyance; nor can the defendant give evidence of counsel fees paid and expenses incurred in prosecuting an ejectment against the plaintiff to recover the possession of part of the land sold.

**ERROR** to the Common Pleas of *Dauphin* county.

William Michael against William Siltzell.

In this action the plaintiff declared in *indebitatus assumpsit* for

III. — 42     2 c *

$425, the price of a house and lot sold and conveyed by him to the defendant; for money had and received to the same amount; and for a balance of account settled.

The plaintiff proved that on the 19th of April 1836 he sold the house and lot to the defendant for the sum of $425, out of which the judgments against the vendor and some advancements by the vendee were to be paid, and the balance to the plaintiff. The scrivener who wrote the deed proved that it was executed and delivered, and the parties were to settle the balance, which was to be paid, except the one-third, which was not to be paid, in consequence of the understanding between the parties that the wife of the vendor would not execute the deed; this part was to remain unpaid, until the title was perfected. There was no agreement as to the time when the balance of the purchase money was to be paid. It appeared by the testimony of other witnesses, that the wife of the vendor refused to join in the deed, and in consequence of that the vendor and vendee modified their agreement so that the vendor was to continue to occupy two rooms of the house until the vendee should build him a house on another part of the lot. The testimony on this subject was vague.

On the trial, the plaintiff was called to prove that he served a notice on the defendant to produce the deed made to him. The defendant objected to the evidence and competency of the witness until the existence of the deed was proved; but the court overruled the objection, and sealed an exception. The plaintiff, upon the production of the deed, offered it in evidence, to which the defendant objected, on the ground that the title recited in it must be first proved. This objection was overruled, and exception taken. The plaintiff then proved his title, by other evidence. The plaintiff then offered to prove that defendant admitted he was to pay $425 for the property, beside the judgments. This was objected to, on the ground that the witness was not present at the original contract; that it proved a different contract by a declaration subject to the execution of the deed, and a consideration different from that laid in the plaintiff's declaration. The objection overruled, and exception taken.

The defendant then proved that plaintiff remained in possession of two rooms of the house, and gave in evidence the record of two ejectments against him for different parts of the house, in the first of which a judgment was obtained by default, and a *habere facias possessionem* was executed; in the second, a judgment was rendered on trial for the plaintiff. The defendants then gave in evidence several small judgments against the plaintiff, which were liens upon the house and lot at the time of the purchase, amounting to about $100; and then offered in evidence judgments entered against him after the execution and delivery of the deed: these were objected to, and rejected by the court. The defendant then offered to prove the amount of counsel fees paid and expenses incurred in

[Siltzell v. Michael.]

the ejectments which were brought to get the plaintiff out of possession of the property. This was objected to, and rejected.

The defendant requested the court to instruct the jury, that the action of *indebitatus assumpsit* would not lie to recover the price of land sold. But the court (Blythe, President) instructed the jury that it would. There were many other points upon which the court was requested to instruct the jury, but they did not embrace any principle other than those decided by the court upon the several bills of exception.

*Fisher*, for plaintiff in error, contended the *indebitatus assumpsit* would not lie to recover the price of land. 7 *Serg. & Rawle* 309; 11 *Serg. & Rawle* 48; 3 *Rawle* 183; 1 *Whart.* 292; 5 *Whart.* 405; 1 *Watts & Serg.* 301; 10 *Serg. & Rawle* 235. The action is essentially dependent upon the testimony of the scrivener, which does not support the plaintiff's declaration, and therefore the action failed. 2 *Yeates* 339; 4 *Yeates* 99; 2 *Penn. Rep.* 301; 4 *Wash. C. C.* 97; 1 *Chit. Pl.* 220. By the agreement as proved, the parties were to settle and ascertain the balance, and without proof that this was done the plaintiff cannot recover. 1 *Saund.* 320 *a;* 11 *Serg. & Rawle* 450; 5 *Watts* 430.

*Ayres* and *Herman Alricks*, contra. The action was well brought. 2 *Stark. Ev.* 53; 14 *Johns.* 210; 2 *Penn. Prac.* 16. And the declaration was good. 3 *Rawle* 194; 1 *Chit. Pl.* 250; 2 *Chit. Pl.* 37; 1 *Whart.* 301.

The opinion of the Court was delivered by

SERGEANT, J.—The first bill of exceptions to evidence taken by the defendant below, was founded on an objection to the competency of the plaintiff to prove notice to the defendant to produce certain deeds, but has not been urged on the argument here. It has been decided, in several cases, that the plaintiff in the cause is a witness to prove the service of notice on the opposite party.

The second bill of exceptions contains the defendant's allegation, that *indebitatus assumpsit* will not lie to recover the purchase money of land sold and conveyed to the defendant. This idea is without foundation. *Indebitatus assumpsit* lies to recover the value of a thing sold and delivered, although no precise sum was agreed upon. It also lies to recover the stipulated price due upon a special contract, where it has been completely executed. And the common counts relating to real property are used to recover the price of a freehold, copyhold, or leasehold estate, sold and conveyed to the defendant, where there has been no contract under seal for payment of the price. 1 *Chitt. Plead.* 249, [316]. In 2 *Chitt. Plead.* 37, the form of such a declaration is given, nearly resembling the first count in the present case. Even *quantum meruit* lies on the sale and conveyance of real estate. *Ibid.* In the case

[Siltzell v. Michael.]

before us, the plaintiff sought to recover the purchase money of a lot and buildings, which he had conveyed to the defendant by deed accepted by the defendant, who claimed title and held part of the premises under it. *Indebitatus assumpsit* was a proper form of action in such case, and the premises are described in the count with sufficient certainty.

Under the 3d and 6th bills of exceptions, are comprehended the objections by the defendant to the evidence offered by the plaintiff, to show that the plaintiff remained in possession of the property with the consent and approbation of the defendant, in order to account for the plaintiff's possession of the property, as proved by John Rhoads, (a witness for the plaintiff), on his cross-examination by the defendant, without objection by the plaintiff. He had then stated that the plaintiff occupied two rooms in the house, and had occupied part of the house ever since the sale. It is difficult to perceive what these acts of the parties, in taking and holding possession of the property after the sale, had to do with the issue now trying, which was merely the right of the plaintiff to his purchase money under the contract. It seems to have been all irrelevant. As a set-off it could not be received, because unliquidated damages, suffered by a tortious entry on land, are not the subject of set-off in an action for the price. *Kachlein* v. *Ralston*, (1 *Yeates* 571). So in an action on a bond, the consideration of lands sold to the defendant, he is not permitted to show that he was interrupted in the possession by one to whom the plaintiff had demised. *Ibid.* Nor was there here any plea or notice of set-off. All that took place on this subject was of no consequence to the issue trying. The defendant having, however, first introduced it, has no right to complain that the plaintiff was permitted to rebut it. It does not appear to have done the defendant any injury, as the charge and verdict seem to go on other grounds; and this court will not, in such case, reverse, because irrelevant evidence of this nature was gone into, that ought not to have been given, when it was introduced by the party complaining.

By the 4th bill it appears that the plaintiff offered in evidence this deed to the defendant. The recitals were objected to as not evidence of title in the grantor, against the grantee. This was no reason why the deed should not be read. Being accepted by the grantee, it was at least *primâ facie* evidence, such recitals being constantly inserted in deeds. What effect these recitals would have to establish title, is another question. The plaintiff does not seem to have offered them for this purpose, because he immediately proceeded to prove his title, by the production of the previous conveyances, and proof of pedigree. There was no error in this.

The 5th bill is to evidence offered by the plaintiff that the defendant admitted he was to pay $425 for this property, and to pay the judgments against the plaintiff too; to show the amount

[Siltzell v. Michael.]

of the defendant's liability.    As an admission by the defendant, it was evidence, though made after the execution of the deed.    Nor is it inconsistent with the price laid in the declaration : that being the money price only, and being laid at $425, whether in addition to the judgments or subject to their deduction, is not averred.    In *indebitatus assumpsit,* the plaintiff does not undertake to set out the exact sum ; nor is he bound to do it.    He may lay one sum and prove a different one ; but he cannot recover more than the damages laid.

The entry of judgments against the plaintiff, after his conveyance to the defendant, was certainly immaterial.    They could not constitute a lien or encumbrance on the property, nor be such as the defendant was to deduct.

Nor could the defendant be allowed counsel fees paid for bringing and conducting the ejectment suits against the plaintiff, and the costs of them.    These all occurred after the contract of sale, and were the consequence of new and tortious acts of the parties. The defendant's redress was by his action of ejectment and trespass, or covenant, as in other cases.

The errors assigned in the charge of the court refer, for the most part, to points already touched upon.    The 2d and 3d only require further notice.

2d error.    The plaintiff in error alleges that the court erred in saying the price was fixed by the contract, whereas the sum to be paid was to be ascertained by the parties, and that advances had been made by the defendant to the plaintiff, and till they were ascertained, no purchase money was due.    It is sufficient to say there was no evidence given by the defendant, on the trial, of the amounts of any such advances, and if they existed, it was incumbent on him to show it, when they might have been deducted, if the jury believed such was the agreement.    But till they are shown, they must be taken as not existing.

3d error. The plaintiff's taking forcible possession was insisted on by way of defence.    It has been already observed that it was not admissible by way of set-off in this suit.    And it may be further observed that the defendant had already sought redress for these acts of the plaintiff by two actions of ejectment, in both of which he had recovered judgment, and had dispossessed the plaintiff in the first, and might have ousted him in the last, had he chosen to take out execution.

On the whole, we are of opinion that there is no error in the record.

                              Judgment affirmed.