## Price *versus* Lewis.

In an action of debt on one of two promissory notes given for the price of a canal boat, evidence is admissible on the part of defendant to show that the plaintiff who sold the boat, at the time of the sale fraudulently represented the boat to be a good boat and worth the money; and to prove that the boat was leaky, was rotten in its timbers and frame; that no diligence on the part of the defendants could have enabled them to discover the condition of the boat, and that it was known to the plaintiff. Such evidence was admissible not as a set-off, but as an equitable defence.

ERROR to the Common Pleas of *Luzerne county.*

This was an action of debt, by Lewis *v.* Price & Lougher, on one of two promissory notes given to the plaintiff by defendants, in payment for a canal boat called the "Fair Play," with team and harness. The plaintiff gave his note for $200 in evidence, and rested. The defendant gave the other note for $250 in evidence, and showed for what they were given. That the plaintiff said it was a good boat, and worth the money. That the boat was leaky, and that the defendants applied to the plaintiff, representing they had been deceived, and desired he should take it back: to which they received for answer, that *they* had the boat, *he* the notes, and they were good enough. Defendants also offered to show "that the boat was rotten in her timbers and frame; that no diligence on the part of the defendants could have enabled them to discover it; that this was well known to the plaintiff; and that the boat was useless." This the court rejected because there was *no warranty*, and that a sound price did not imply a sound article. The defendants then showed Lewis's declarations that the boat was loaded amid-ships; that it sunk, and after that was good for nothing, and that he knew it when he sold it to defendants. That when told of its being worthless by the defendants, and not as he had represented, he said that he cared nothing for that, he had it off his hands. The evidence rejected was again offered and rejected.

Error was assigned to the rejection of the offered evidence.

*H. Wright* for plaintiffs in error.—That evidence was admissible to show a warranty or *fraud*, McDowell *v.* Bird, 6 *Bin.* 198; Work *v.* Grier, *Add.* 375; *Id.* 322; Pulhamus *v.* Purcell, 3 *Pa. Law J.* 399; *Fonbl.* 124.

*H. B. Wright* for defendant.—That there was no warranty in the case. That a naked affirmation does not amount to an express warranty, nor is evidence of it. That no implied warranty arises from an unfounded assertion of soundness in the sale of a chattel, but for a deceitful representation, the remedy is by an action *ex delicto*: McFarland *v.* Newman, 9 *Watts* 55; Jackson *v.* Wetherill,

[*Price v. Lewis.*]

7 *Ser. & R.* 482; Steigleman *v.* Jeffries, 1 *Ser. & R.* 477. A *tort* is not within our defalcation act: Gogel *v.* Jacoby, 5 *Ser. & R.* 122.

The opinion of the Court was delivered July 21, by

BELL, J.—The evidence rejected, in connection with that received, tended to show, not warranty for the breach of which an action *ex contractu* would be the proper remedy, but a fraudulent misrepresentation by the plaintiff below, of the quality of the article sold, which induced the purchase at the price agreed on. For such a wrong the form of action would be *ex delicto*, to recover damages for the *tort* committed: Kimmel *v.* Lichty, 3 *Yeates* 262; Jackson *v.* Wetherill, 7 *Ser. & R.* 480; McFarland *v.* Newman, 9 *W.* 55; and the question presented is, whether the pecuniary injury thus sustained, may be set up in this action, not as matter of set-off, under our defalcation act, but as an equitable defence *pro tanto*, springing from failure of consideration.

The tendency of modern decisions, particularly in this state, has been to avoid circuity of action, by referring every subject connected with the principal matter of dispute, to the decision of the same jury. With this view, the early construction of our statute of set-off was very liberal and enlarged, and this has been followed up by adjudications very much extending the circle of claims and demands, recognised as constituting legitimate defences, by way of defalcation. But as set-off necessarily flows from contract, it was at an early day settled that an injury flowing from an independent *tort*, could not be averred in defalcation of a demand founded on contract, nor as a substantive defence, commensurate with the injury inflicted on the defendant. This was the determination in Kachlein *v.* Ralston, 1 *Yeates* 571, and Dunlop's Lessee *v.* Spear, 3 *Bin.* 169, in each of which instances the defendant proposed a distinct tortious act, committed by the plaintiff, but unconnected with his cause of action, as an answer to it. But this was not permitted, because it was neither a set-off, nor an answer to the plaintiff's cause of action, but a fact, in its nature, quite distinct from it, and in no way *touching the consideration of the contract sued on.* The defendant was therefore turned round to the action *ex delicto.* The same question arose in 5 *Ser. & R.* 117, Gogel *v.* Jacoby, where an independent misfeasance was set up as an answer to an action for goods sold and delivered, and the decision was to the same effect. But it was there conceded, by the court, that a defendant may be permitted to give evidence of acts of nonfeasance or misfeasance, by the plaintiff, where those are immediately connected with the cause of action; and now, by a series of decisions, it is settled that where the *tort* complained of, springs from the same transaction, and by impeaching the consideration of the contract sued on, meets and repels the plaintiff's allegations, in whole or in part, it may be made available as an equitable defence, total or partial. The usual illustration of this,

principle is afforded by the action for work and labor by a carpenter, or other mechanic, in which it has ever been held the defendant may, in answer, show the work badly done, or not according to the contract of the plaintiff; for the action and defence are derived from the same transaction, and the latter goes directly to the consideration of the former.   In 4 *Ser. & R.* 249, Heck *v.* Shener, the doctrine was fully discussed by all the judges then composing this court, and, upon the soundest reasoning, it was ruled that in an action brought by a housekeeper to recover the value of her services, the defendant might, as a defence, show her gross misconduct as a servant in the appropriation of his household goods, under circumstances strongly savoring of larceny. It was truly said, that as the claim was founded in alleged meritorious service, it was necessarily open to the defendant to disprove this by exhibiting the tortious conduct of the plaintiff, in her office of housekeeper, as partially or wholly distinctive of the consideration from which her claim sprung.   Nor is this species of defence confined to actions for personal services, or where the demand is a *quantum meruit*, under an implied assumpsit.   In 1 *Ser. & R.* 477, Steigleman *v.* Jeffries, the action was upon a promissory note, given as the price of certain burr stones which the plaintiff had averred to be of good quality.   On the trial the defendant was admitted to prove by way of equitable defence, that the stones were not of the quality warranted.   To the objection that this defence sounded in unliquidated damages, and consequently, came within the principle ruled in Kachlein *v.* Ralston, the Court answered that the cause of action which the defendant wished to set off arose from the same transaction in which the plaintiff founded his action, and the character of the damages opposed no insuperable objection ; for if the stones were of so bad a quality as to be wholly useless, no part of the sum agreed as their price could be recovered, but if only of an inferior grade but still of some value, the amount of the verdict would be determined by the price they would bring in a fair market.

Although a cursory examination of this case might induce the belief that the defence was received as matter of set-off, a closer scrutiny will show it proceeded upon the broader basis of equitable defence, springing from fraudulent misrepresentation and consequent failure of consideration; and it is accordingly so classed in Heck *v.* Shener, and Gogel *v.* Jacoby, being there cited as illustrative of the doctrine recognised in those cases.   So regarded, it is on all fours with the present.

But, perhaps, this very brief and imperfect review of prior decisions might have been spared, since the late case of Light *v.* Stoever's executors, 12 *S. & R.* 431, is in point, as showing that the defence offered below ought to have been referred to the jury for determination.   In an action upon a bond given in purchase of a

[*Price v.* Lewis.]

mill, and the appurtenant water power, the Common Pleas refused to permit the defendant to prove a fraudulent concealment, by the vendor, of a *tort* committed by him on a neighbour, by the undue raising of the dam, by which the value of the mill was much depreciated. On error brought, the court held that the refusal involved an error, because, although the damages suffered by the defendant, being unliquidated, could not be received as a set-off, the misconduct of the plaintiff in the wilful suppression of a material fact known only to him, furnished an equitable defence, showing that he ought not to be permitted to recover the whole purchase-money. And it was added, that to permit such a recovery, and leave the defendant to his remedy by an action for fraudulent concealment, would be most unjust; that the purchase-money and damages arose out of the same transaction, and the proper time for inquiry was before the money was taken from the pocket of the defendant. It might be too late afterwards. The remark which immediately follows is not only in consonance with the whole course of our previous adjudications, but recommends itself by the equity and good sense which first commended it to our adoption. " Certainly," says the Chief Justice, " the plaintiff has no right to complain if the whole business is settled at once. What he is not in good conscience entitled to receive, he should not be permitted to recover."

The court below rejected the proffered proof in this case, because it did not show *a warranty*. But we have seen this is unnecessary. If it tended to establish an injurious fraud perpetrated by the plaintiff on his vendee, in a point where the latter was not in a position to judge for himself, it is enough for the purposes of a defence, which may wholly or partially defeat the action, as the boat sold may turn out to be wholly worthless, or only of less value than the price induced by the misrepresentation.

Judgment reversed and a *venire de novo* awarded.