## Sims v. Griest

*Merrill L. Hassel*, for defendant.

WISSLER, J., January 28, 1949.—This matter arises by virtue of certiorari issued at the instance of Lester E. Griest, defendant. On September 28, 1948, the following summons was issued to Charles Hart, constable, out of the office of S. W. Collins, a justice of the peace:

"Commonwealth of Pennsylvania, County of Lancaster, SS: To Charles Hart, Constable, or next Constable of the said County most convenient to the Defendant, Greeting: You are hereby commanded to summon Lester Griest residing at Nottingham R. D. 2 to be and appear on the 4th day of October 1948 between the hours of 7 and 8 o'clock in the afternoon, before S. W. Collins, Justice of the Peace in and for the said County, at his office, Quarryville Boro, to answer James P. Sims on an automobile collision to settle a claim amounting to Seventy two dollars & .85 cents in assumpsit, in a plea of debt or demand, arising from contract, either express or implied, not exceeding Three Hundred Dollars. . . ."

The transcript shows that "Constable returns on oath he served the summons personally on Deft . . . and Deft said he would be present at the Hearing." The transcript further sets forth that:

"J. P. Sims plaintiff in this case was present and according to his testimony Pltf. was driving on straight road from Wrightsdale to Elam at approximately 30 & 35 miles per hour when Deft. came out of a side road on Pltf. right and turned left on the intersection struck the right rear fender rear door and quarter panel, damaging Pltf. car to the amount of Seventy-two dollars and eighty-five cents. Deft. did not appear neither did he send anyone to represent him so judgment by default was taken to be heard in the next term of Common Pleas in the Lancaster court of Commonwealth and all costs in this case to be paid by Deft. This collision occurred on the 22 of June 1948. . . ."

Defendant raised two questions as to the validity of the judgment rendered by the justice of the peace in the amount of $72.85: (1) That the cause of action arose from an automobile accident occurring on June 22, 1948, and is therefore an action in trespass, though the summons is in assumpsit, claiming the sum of

$72.85, arising from a contract, and (2) that the justice of the peace, accordingly, rendered a judgment in an action sounding in tort on an action brought in assumpsit, being repugnant to the statutes of the Commonwealth of Pennsylvania and the decided case law. The action before the justice of the peace, it will be observed, is based on the authority set forth in the Act of July 7, 1879, P. L. 194. That act, 42 PS §421, provides:

". . . justices of the peace, in this Commonwealth, shall have concurrent jurisdiction with the courts of common pleas of all actions arising from contract, either express or implied, and of all actions of trespass and of trover and conversion, wherein the sum demanded does not exceed three hundred dollars. . . ."

An action before a justice of the peace depends, not so much upon the form in which it is brought as upon what the facts show was the cause for which it was brought: Wildasin v. Martin-Parry Corp., 2 D. & C. 173 (1922).

The summons in the instant case clearly shows that the action was brought to recover damages as a result of an automobile collision between plaintiff and defendant, and further requires defendant to answer "in assumpsit, in a plea of debt or demand, arising from contract, either express or implied". The summons should have been in trespass. While a plaintiff can waive a tort and proceed in assumpsit where there is a contract express or implied (Boyer v. Bullard et al., 102 Pa. 555 (1883)), he may not sue in assumpsit for a naked tort: Seitzinger v. Steinberger 12 Pa. 379 (1849) ; York Trust Co., Receiver, v. Moul, 15 York 137 (1902). Nor may there be a recovery in assumpsit for negligence: 1 Standard Pa. Practice 338, §49.

It might be stated in passing that the oral argument of defendant that the justice's record does not show that he produced a receipted bill for the repairs, in

accordance with section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, 75 PS §738, is without merit because that section is only applicable where the defendant is a nonresident and not where, as in the instant case, defendant was a resident of the county in which the suit was brought.

And now, January 28, 1949, the judgment entered in this case by the justice of the peace is reversed.