## Satterlee *versus* Melick & Eves.

1. Melick employed Satterlee to saw logs into lumber; Satterlee delivered to Melick less lumber than the logs produced; there was no evidence of conversion by Satterlee. *Held*, that Melick could not recover in assumpsit on the common counts for the deficiency.

2. The court charged: that as bailee, Satterlee was bound to exercise such care of the property as a prudent man takes of his own property, and if for want of it the lumber was lost, he would be liable; that the deficiency made a primâ facie case and put Satterlee on proof of care. *Held* to be error, the action not being in case and there being no count on a contract to keep as bailee.

3. Generally where there is evidence of conversion by a wrongdoer, the plaintiff may waive the tort and sue in assumpsit.

4. To recover in such case on a count for goods sold, &c., there must be fraud or unfair dealing, or other circumstances from which an implication may arise under such a count.

5. Doysher *v.* Triebel, 14 P. F. Smith 383, distinguished.

March 27th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Clinton county:* No. 42,. to July Term 1873.

This was an action of assumpsit, brought May 8th 1868, by Jacob D. Melick and Joseph Eves, trading, &c., as Melick & Eves, against O. D. Satterlee.

[Satterlee *v.* Melick.]

The declaration was for money lent, money paid, laid out and expended; money had and received; work and labor and materials found and provided; goods sold and delivered, and account stated. There were no special counts. The pleas were non-assumpsit and payment, &c.

The case was tried December 18th 1872.

The plaintiffs gave evidence that they were engaged in cutting logs in Clearfield county; the logs were floated down the Susquehanna to the booms at Lock Haven or Williamsport. The defendant lived at Lock Haven, and had a saw-mill there. Plaintiffs made an arrangement with him to saw their logs which stopped at the Lock Haven boom, at $4 per thousand feet. Defendant received a large number of logs from plaintiffs. The amount of lumber passed from them to him was 316,992 feet.

They gave evidence also that they had sold all this lumber to J. M. Bowman; defendant delivered to him as the lumber sawed for plaintiffs, 286,034 feet, and no more, being 30,958 feet less than the amount sawed. Plaintiffs demanded the remainder of the lumber from defendant, who told them that all their lumber was gone. There was no other evidence of negligence on the part of the defendant, nor of conversion by him.

The defendant gave evidence for the purpose of showing that he had exercised proper care and diligence as to the lumber; also that lumber generally falls short from 1 to 5 per cent. in the count, when taken away; some is broken and some worthless; "there is a continual waste and leak; neighbors help themselves," &c.

The court instructed the jury: "[That the defendant was a bailee of the lumber in question; and after it was sawed into boards and piled in the yard, he was bound to the exercise of the same care over it as a prudent business man ordinarily takes of his own property similarly situated. If for want of such care the plaintiff's lumber, or any portion of it, was lost, the defendant would be liable for it.] If, however, the ordinary per cent. of waste, and the losses resulting from causes against which such care as defendant was bound to exercise, would not guard, will account for the whole or any portion of the deficiency claimed for in this case, the jury should give the defendant the benefit of it.

["No other proof of negligence or conversion has been given in this case than that which grows out of the proof of the quantity of lumber sawed and the quantity delivered. This, however, makes a primâ facie case, and puts defendant on proof of the care exercised.]

["We are not without doubt as to whether under a count for goods sold and delivered, or money had and received, a recovery ought to be permitted on the evidence in this case, but we instruct you that the *narr.* is sufficient, and that the case is for you upon the evidence."]

[Satterlee *v.* Melick.]

The verdict was for the plaintiffs for $657.99. The defendant took a writ of error, and assigned for error the parts of the charge in brackets.

*S. D. Ball* and *S. Linn*, for plaintiff in error.—No recovery for loss of property bailed can be had in assumpsit on the common counts, unless it be by the conversion of the property by the bailee himself; the fact of conversion being a question to be submitted to and found by the jury. For loss by carelessness or negligence a bailee cannot be held accountable in assumpsit. The court should have charged the jury as to the proper question raised by the pleadings: Harrisburg Bank *v.* Forster, 8 Watts 12; Reeves *v.* Delaware, L. & W. R. R., 6 Casey 454; Pennsylvania R. R. *v.* Berry, 18 P. F. Smith 272.

*C. J. McCormick* (with whom was *William C. Kress*), for defendants in error.—The action under the evidence may be sustained on the common counts: Lee *v.* Gibbons, 14 S. & R. 111; Gray *v.* Griffith, 10 Watts 433; McCullough *v.* McCullough, 2 Harris 296; Deysher *v.* Triebel, 14 P. F. Smith 383.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 11th 1874.

This was an action of assumpsit. The declaration contained counts for goods sold and delivered, work and labor done, the common money counts, and on an account stated. The plaintiff's case was, that he had sent a certain number of logs to the defendant, who owned and operated a saw-mill, to be sawed. He undertook to show that he received only a part of the lumber from the defendant after it had been sawed, leaving some thirty thousand feet and more unaccounted for. The learned judge below, in his charge to the jury, treated the case as though it had been an action against a bailee for negligence, either *ex contractu* or *ex delicto*. He instructed the jury that such a bailee as the defendant was bound to exercise the same care over the property intrusted to him as a prudent man ordinarily takes of his own property similarly situated; that if, for want of such care, the plaintiff's lumber, or any portion of it, was lost, the defendant would be liable for it, and that no other proof of negligence or conversion had been given than that which grows out of the quantity of lumber sawed and the quantity delivered; this, however, made out a primâ facie case, and put the defendant on proof of the care exercised. This might have been a true statement of the principles of law had the declaration warranted it. If it had been an action on the case for negligence, or had there been a count upon a contract to keep as bailee, it might have been all well. But what notice had the defendants to come prepared to meet the question of negligence, by which the

[Satterlee *v.* Melick.]

lumber was lost? On an amendment of the *narr.* below they would have been entitled to a continuance. The learned judge was evidently not very clear in his opinion, for in his charge, he said: "We are not without doubt as to whether under a count for goods sold and delivered, or money had and received, a recovery ought to be permitted on the evidence in this case, but we instruct you that the *narr.* is sufficient, and that the case is for you upon the evidence." One of the objections to the practice of trying cases on the general issue is, that the plaintiff cannot discover in general before he comes to trial what defence he will have to encounter. It would be still worse if the defendant were obliged to go to trial without knowing, at least, the general character of the claim upon him. It is evidently true, that in many cases, the owner of goods wrongfully taken or detained by another, may waive the tort and recover on a count for money had and received in assumpsit. But then there must either be some evidence that goods have been actually converted into money by the wrongdoer, or the circumstances must be such as to raise a presumption that he has done so. The leading case on this subject is Longchamp *v.* Kelly, Dougl. 137. That was the instance of a masquerade ticket which the defendant received to sell for the plaintiff. He neither accounted for the price nor returned the ticket. Lord Mansfield and the Court of King's Bench held, that it was a fair presumption that he had sold it, and that the plaintiff could recover under the count for money had and received. To the same point may be cited our own cases of Willet *v.* Willet, 3 Watts 277; Gray *v.* Griffith, 10 Id. 433; McCullough *v.* McCullough, 2 Harris 295. The defendant in error relies upon the decision in Deysher *v.* Triebel, 14 P. F. Smith 383, to support the contention that a recovery might be had upon the count for goods sold and delivered. But that opinion does not sustain him. There must be some fraud, unfair dealing, or other circumstances, from which an implication may arise under such a count, as if a coal merchant, by the mistake of his driver, empties a ton at my door, and I take it without inquiry or objection, and consume it, knowing that it must have been sent by mistake, it may be that a recovery could be had against me in assumpsit under a count for goods sold and delivered, upon an implied promise to pay the market price. It is evident that conversion or consumption was essential; a mere detention, or a loss even by negligence would not have been enough to charge him in this form of action. There must be something from which to presume that he assumed the ownership as vendee.

Judgment reversed, and *venire facias de novo* awarded.