## Weiler *versus* Kershner, Assignee, &c.

A. made an assignment to B. for the benefit of creditors. Afterwards, on the same day, A. sold certain personalty, included in the assignment, to C., the consideration being a debt due C. by A. B. brought an action of debt before a justice to recover the value of the goods. On appeal to the Common Pleas the court charged "that for the purposes of this suit, under the evidence, the action of debt might be sustained."

*Held,* that even if assumpsit or debt could not have been sustained under the evidence if the action had been brought in the Common Pleas, yet under section 4 of the Act of 1810 [providing that on appeal from a justice, to the Common Pleas the cause shall be decided on its facts and merits only and no mistake in the form of action shall prejudice either party], in the absence of a narr, and it appearing that the cause was tried on its merits, the judgment, being right, would not be reversed, although the court below did not put the case on the true grounds.

March 4th, 1885. Before MERCUR, C. J., GORDON, PAX-SON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Berks county :* Of January Term 1885, No. 318.

This was in the court below an appeal in an action of debt brought before an alderman by George W. Kershner, assignee of J. L. Brensinger, against Jonas O. Weiler, to recover the value of personalty detained by Weiler under a sale to him by Brensinger after the assignment.

On the trial, before HAGENMAN, P. J., the following facts appeared : On the morning of April 19th, 1883, Brensinger and wife executed an assignment to Kershner for the benefit of creditors, recorded the same morning. In the evening of the same day Brensinger sold to Weiler a blacksmith shop and tools. The shop was upon land leased by Brensinger. Weiler took possession of the property, which he retained ; the consideration being a debt due Weiler by Brensinger.

The court charged the jury, *inter alia,* as follows : " The moment the deed of assignment was delivered to Mr. Kershner, that moment all the title which Mr. Brensinger, the assignor, had, passed over to his assignee, and whoever got possession of any property mentioned in the deed of assignment, through Mr. Brensinger, other than the assignee, got possession of it wrongfully. The property belonged to the assignee. Any person who would refuse to surrender any of the property would become liable to the assignee in some form of action.

" Here the action is debt. If the action had been trover and conversion there would be no trouble in the form of the action.

[But, for the purposes of this case we say to you, under the evidence, that the action of debt as brought by the assignee may be sustained.] As no evidence was offered on the part of the defendant, and as it has been shown that the deed of assignment was executed and delivered to the assignee in the morning of the day, on the evening of which Mr. Weiler took possession of this property, the property, whatever it was, belonged to the assignee for the purposes of that deed of assignment; and Mr. Weiler wrongfully withheld that property from the assignee. [Mr. Brensinger says that the value of the property was $75.00, which you may regard as the real value, for which amount you may find a verdict in favor of the plaintiff, with interest from the time that Mr. Weiler took possession of the property to date, which amounts to $77.82, and for that sum the plaintiff is entitled to recover.] "

Verdict for plaintiff and judgment thereon: whereupon the defendant took this writ assigning for error the parts of the charge included in brackets.

*C. H. Ruhl,* for plaintiff in error.—The case originated before an alderman and came into the court below, on appeal from his judgment. Whether the court below on this account meant to treat it as an action in assumpsit, does not appear from the charge, except inferentially, but it was so intimated to counsel at the trial. We submit that it was an unwarrantable assumption on the part of the court below to treat it as an action in assumpsit or to regard it as anything but an action in debt. Although the case did not originate in the court below, and the plaintiff had filed no formal narr., yet, the transcript, when filed, became the plaintiff's narr., as is provided for in section 3, of rule 24, of the court below, which is as follows, to wit: "In all cases of appeals from judgments of justices of the peace, the transcript, when filed, shall be considered the declaration of the plaintiff, unless the defendant, or his attorney, shall before plea pleaded, enter a rule upon the plaintiff to file a special narr., or statement. This rule, however, shall not be so construed as to authorize on the trial of any case, the reading to the jury of any more of such transcript than may be required to show the cause of action." A reference to the transcript discloses the form of action to be debt. The claim of the plaintiff below as therein set forth is " seventy-five dollars, being the value of a blacksmith shop and tools sold by J. L. Brensinger, assignor, to the defendant, after having executed a deed of assignment for the benefit of creditors, to George W. Kershner, the plaintiff."

A plaintiff cannot waive a tort and proceed in assumpsit

[Weiler v. Kershner, Assignee, &c.]

except where there is a contract either express or implied: 1 Chitty's Pleading placitum, 99; Bethlehem Borough v. Fire Co., 31 P. F. S., 459. Boyer v. Bullard, 13 W. N. C., 301. To recover on a count for money had and received, he would have been obliged to show affirmatively that the defendant had in fact sold the chattels and received the money.

The plaintiff cannot waive the tort and recover the value of the goods, unless the tort feasor has sold the articles and received the money: Willet v. Willet, 3 Watts, 277 ; Gilman v. Wilbur, 12 Pick, 120 ; Bethlehem Borough v. Fire Co., supra, Stockham v. Stockham, 1 W. N. C. 84.

Or, where he has taken it as merchandise to market for the purpose of sale, and in the absence of any evidence to rebut the presumption of sale and receipt of the money: McCullough v. McCullough, 2 H., 295.

So long as the defendant below retained the goods in kind, though illegally, the plaintiff below could only demand possession of them, and being denied such possession he would have to treat the defendant as a tort feasor, and seek to recover such possession in an action of replevin, or seek compensation by way of damages in an action of trover and conversion.

*Jeff. Snyder* (with whom was *Frank R. Schell*), for defendant in error.—The courts have uniformly held that, " A plaintiff cannot waive a tort and recover in assumpsit, where chattels are illegally detained." In every instance, however, they have followed this principle, with the remark that it had no application to any case in which there was an express contract, or any evidence from which a contract could be implied. In other words, the rule simply applies to the illegal detention of chattels. The case at bar is so entirely different from all the cases cited by the counsel for plaintiff in error, that they can have no force in this argument. Kershner had the legal title to the goods sold by Brensinger. Although the act of Brensinger was unauthorized, yet Kershner could either affirm or disaffirm the contract. By bringing suit he affirmed the act of Brensinger, and ratified his agency. A subsequent ratification is equivalent to an original authority. We have already shown from the evidence that Brensinger received nothing from Weiler. He is therefore, clearly liable to Kershner, the assignee. This element of a contract is wanting in every case cited by the plaintiff.

Besides this, the case is squarely ruled by McCollough v. McCollough, 2 Harris, 295. Weiler's taking possession of the goods, removing them, and refusing to give any account of them, when it is remembered that he kept a country store,

raised a presumption in law that he had converted them into money, and received the same.

Chief Justice MERCUR delivered the opinion of the court, March 16th, 1885.

It is undoubtedly true that in case of the mere detention of a chattel a plaintiff cannot waive the tort and sue in assumpsit or in debt. Without something more than mere detention there is no contract either expressed or implied: Bethlehem Borough *v.* Perseverance Fire Co. 31 P. F. S., 445; Boyer *v.* Bullard, 6 Out., 555. It follows that if the plaintiff below had in the Common Pleas declared either in assumpsit or in debt, the evidence might not have sustained the action. In this case no narr. was there filed. Due effect must therefore be given to the 4th section of the Act of 1810, which provides on appeal from a justice of the peace to the common pleas, the cause shall be decided in such court on its facts and merits only, and that no mistake in the form or name of the action shall prejudice either party. This case was tried on its merits. The fact that the court did not put the case on the true grounds, does not prevent our doing so now.

Judgment affirmed.