## E. GROETZINGER v. T. M. LATIMER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 4, 1891—Decided January 4, 1892.

1. It is well settled that matters sounding in tort and arising out of a different transaction, cannot be given in evidence as a set-off, by a defendant sued in an action ex contractu. Broad and liberal as the decisions have been, they have never authorized the admission of proof of damages arising from a technical tort.
2. In an action by a landlord to recover rent due upon a lease, the defendant cannot set off against the plaintiff's demand, a claim for damages on account of a wrongful seizure of the defendant's goods, under an illegal landlord's warrant issued by the plaintiff, such claim being the proper subject of an action ex delicto.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 245 October Term 1891, Sup. Ct.; court below, number and term not stated.

To the first Monday of May, 1891, Edward Groetzinger brought assumpsit against Thomas M. Latimer, filing a statement of claim to recover five thousand dollars with interest from March 1, 1890, " being for actual rent of premises known as Nos. 138 and 140 Federal street, and Nos. 45 and 46 South Diamond street, Allegheny City, Pennsylvania, under the terms and conditions of a certain lease, dated November 25, 1887,. from the said Edward Groetzinger to Marshall & Anderson."

The statement averred, further, that on January 20, 1883, John Dean leased the premises above mentioned to the plaintiff, until April 1, 1890 ; set out a copy of a lease for the same premises from the plaintiff to T. E. Marshall and J. R. Anderson, dated November 25, 1887, for a term of twenty-four months commencing on April 1, 1888, for the monthly rent of $416.67, payable monthly in advance, with a stipulation on the part of the lessees, their heirs and assigns, that they should not engage in the sale of carpets and oil cloths upon said premises, under the penalty of ten thousand dollars, to be paid by them or their assigns, in the nature of rent, in equal monthly instalments at the time of payment of the rent aforesaid ;* averred that the interest of T. E. Marshall under said lease became vested by assignment in said J. R. Anderson ; that thereafter said leasehold was levied on by the sheriff as the property of Anderson and sold at sheriff's sale to the defendant, and assigned to him by a sheriff's bill of sale dated April 5, 1889, a copy of which was appended to the statement of claim ; that the defendant occupied said premises, under said lease, continuously from April 5, 1889, to April 1, 1890, and promised to pay the plaintiff the rent of five thousand dollars for the year ending on the latter date, as per exhibit C, but had failed so to do.

Exhibit C, attached to the statement of claim was as follows:

"E. GROETZINGER: Although I am not your tenant, nor the assignee of your tenant, I am willing to pay the same amount of rental as stipulated in lease from yourself to the late

---

* Copies of the material stipulations of this lease are given in the report of Latimer v. Groetzinger, 139 Pa. 207.

firm of Marshall & Anderson. This is to notify you that the tenders of rent already made are kept up, the money being on deposit in bank subject to your demand at any moment during business hours. Hereof take notice.

" ALLEGHENY CITY, May 16, 1889.

" THOMAS M. LATIMER."

The defendant filed the following affidavit of defence :

" Thomas M. Latimer, the defendant, says that it is not true that he is indebted to the plaintiff, Edward Groetzinger in the sum of five thousand dollars, with interest from the first day of March, 1890. On the contrary, Edward Groetzinger is largely indebted to affiant, as hereinafter set forth. It is not true that affiant purchased the lease from plaintiff to Marshall & Anderson, nor did the defendant enter into possession of the premises, Nos. 138 and 140 Federal street and Nos. 45 and 46 South Diamond street, ' under the terms and conditions of a certain lease dated November 25, 1887, from Edward Groetzinger to Marshall & Anderson.' The defendant did not purchase said lease at sheriff's sale, or in any other way, nor did he ever receive, accept, or assume any of the obligations of said lease. It is not true that the defendant, T. M. Latimer, promised and agreed to pay the rent provided for in the assignment from Edward Groetzinger to Marshall & Anderson.

" Exhibit C was written under the following circumstances : Edward Groetzinger, on the       day of May, 1889, issued his landlord's warrant against the property of the defendant, T. M. Latimer, and levied upon twenty thousand dollars worth of goods, for the purpose of illegally collecting an alleged forfeiture of ten thousand dollars by Marshall & Anderson, under the assignment as. made by Edward Groetzinger, plaintiff, to said Marshall & Anderson. To avoid, if possible, the persecution, scandal and injury to the commercial standing of the defendant, he sent note marked exhibit C. Yet the said Edward Groetzinger, disregarding and refusing the offer of the amount of rent which was due and owing to Mr. Dean's estate, continued maliciously, illegally and wrongfully, to issue landlord's warrants against the defendant, including in said warrants the forfeiture of ten thousand dollars claimed by the plaintiff, Edward Groetzinger, against Marshall & Anderson. By a decision of the Supreme Court of Pennsylvania, the landlord's

Opinion of the Court.

warrants, aforesaid, were all declared illegal and without right,* so that the defendant, Thos. M. Latimer, by the malicious, illegal and wrongful conduct of the plaintiff Groetzinger, has been compelled to expend large sums of money in the necessary defence of his property against the illegal, malicious and wrongful distraints and levies of the plaintiff; and from the notoriety of these illegal proceedings, his commercial credit and financial standing has been greatly injured, and he has suffered in his business by the impairment of his credit both at home and in the cities of Philadelphia and New York, to an amount largely in excess of the amount claimed for the use and occupation of the premises.

" Affiant, defendant, says: It is true that, early in April, 1889, he purchased by private contract a large stock of dry goods which were in Nos. 138 and 140 Federal street, and Nos. 45 and 46 South Diamond street, Allegheny City, and after further purchase of stock, proceeded to sell the goods in the ordinary mode of business; and, not desiring to occupy the premises without paying therefor, he offered to indemnify the plaintiff, Groetzinger, for his (Groetzinger's) liability to Mr. Dean. Groetzinger never demanded the rent, but refused to receive pay for use and occupation, and persistently persecuted the defendant with illegal, malicious and wrongful distraints, to the great damage of the defendant."

After argument, a rule for judgment for want of a sufficient affidavit of defence was made absolute, and judgment was entered in favor of the plaintiff for $5,423; whereupon the defendant took this appeal. The assignments of error were not printed in the appellant's paper-book.

*Mr. Thomas M. Marshall* (with him *Mr. J. S. Ferguson* and *Mr. E. G. Ferguson*), for the appellant.

*Mr. D. T. Watson* (with him *Mr. C. S. Fetterman, Mr. W. W. Whitesell* and *Mr. Frank Whitesell*), for the appellee.

PER CURIAM:
The affidavit of defence does not deny the defendant's liability for the use and occupation of the warehouse in question,

---

*Latimer v. Groetzinger, 139 Pa. 207.

but he attempts to set off damages caused by the plaintiff in having "maliciously, illegally, and wrongfully" issued landlord's warrants against him, seized his goods, and thereby injured his commercial credit. That the warrant was illegal was settled in Latimer v. Groetzinger, 139 Pa. 207. That case, however, has no further bearing upon this. The matters averred in the affidavit of defence cannot be set off in an action ex contractu, for the reason that they sound in tort and would form the subject of an action ex delicto. It is well settled that matters sounding in tort, arising out of a different transaction, cannot be given in evidence as a set-off: Gogel v. Jacoby, 5 S. & R. 117; and in Ahl v. Rhoads, 84 Pa. 319, it was said by Justice WOODWARD: "The right of a defendant may be regarded as established, to set off against a plaintiff's demand, any damages capable of liquidation and for which an independent action ex contractu could be maintained. This may be stated as the general result of the authorities, extending especially from Nickle v. Baldwin, 4 W. & S. 290, to Hunt v. Gilmore, 59 Pa. 450. But, broad and liberal as the construction has been, it has never authorized the admission of proof of damages arising from a technical tort." The law upon this subject is too well settled to require elaboration.

Judgment affirmed.