# Roth v. Reiter, Appellant.

*Contract—Tort—Set-off—Unliquidated damages.*

In an action on a contract unliquidated damages arising out of a tort independent of, and disconnected with, the transaction sued on, cannot be recouped by way of equitable defense.

Argued Oct. 27, 1905. Appeal, No. 93, Oct. T., 1905, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1903, No. 449, on verdict for plaintiff in case of Jacob Roth v. Henry Reiter. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on promissory notes. Before McCLUNG, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $5,945.09. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Schoyer & Hunter*, for appellant, cited: Heck v. Shener, 4 S. & R. 249; Gaw v. Wolcott, 10 Pa. 43; Eckel v. Murphey, 15 Pa. 488; Pownall v. Blair, 78 Pa. 403; Glennon v. Lebanon Mfg. Co., 140 Pa. 594; Harper v. Kean, 11 S. & R. 280; Bixby v. Parsons, 49 Conn. 483; Gordon v. Bruner, 49 Mo. 570; Hemphill v. Eckfeldt, 5 Whart. 274.

*W. A. Challener*, with him *I. S. Stentz*, for appellee, cited: Gogel v. Jacoby, 5 S. & R. 117; Nickle v. Baldwin, 4 W. & S. 290; Hunt v. Gilmore, 59 Pa. 450.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906:

This is an action of assumpsit to recover upon two notes held by the plaintiff upon which the defendant is an accommodation indorser. The notes not having been paid at maturity by the maker, they were protested in due form and this suit was instituted to enforce collection from the indorser. The defense set up is that the notes were given in consideration of the purchase price of plaintiff's interest in partnership property, and that before the maturity of said notes the plaintiff entered the partnership premises and forcibly took possession of the business and property of said partnership and has ever since retained possession thereof. It is therefore contended that the alleged tortious act of the plaintiff is equivalent to and must be treated as a total failure of the consideration for which the notes were given.

It is conceded in this case, and it is the law, that in an action on a contract, unliquidated damages arising out of a tort independent of, and disconnected with, the transaction sued on, cannot be recouped by way of equitable defense. This rule of law needs no citation of authorities to support it. It is, however, earnestly contended that the defendant in the present case had a right to recoup the damages arising from the alleged tortious act against the amount of the notes, because said tortious act was directly connected with the transaction in consideration of which the notes were given. The appellee asserts that the tortious act complained of grew out of a separate transaction and the court below has so found in the following language : " It appears possible that there was a tort committed against the maker of this note by the plaintiff in this case but it was not a part of this transaction and therefore cannot be used to extinguish this indebtedness."

There was sufficient evidence to justify the conclusion of the learned court, and this is an end of the case. It might be added that the burden of proving failure of consideration rests on the defendant : Conmey v. Macfarlane, 97 Pa. 361. This burden has not been met by the defendant in this case.

Judgment affirmed.