# Stanton *v.* Philadelphia & Reading Railway Co., Appellant.

*Practice C. P.—Affidavit of defense—Action ex contractu—Tort.*

1. In an action of assumpsit to recover the value of a large quantity of celery which the defendant accepted for storage at its cold storage warehouse, and permitted to freeze and spoil, an affidavit of defense must be filed by the defendant where the plaintiff's statement of claim avers that "the defendant agreed to and with the plaintiff to use all reasonable, proper, ordinary and customary means for the preservation and care of the said celery, and maintain a temperature in the room or rooms in which it was stored, which would protect it against freezing," and that it failed to comply with its agreement.

420 STANTON *v.* PHILA. & R. RWY. CO., Appellant.

2. In such a case the proper action is in assumpsit. The fact that the breach of the contract occurred through negligence which was tortious in its character makes no difference; nor is the doctrine of waiver of tort involved, inasmuch as the defendant made no profit for itself out of its wrongful acts.

Argued March 19, 1912. Appeal, No. 96, Jan. T., 1912, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1911, No. 2445, making absolute rule for judgment for want of a sufficient affidavit of defense. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover the value of a quantity of celery accepted by the defendant for cold storage.

The opinion of the Supreme Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Abraham M. Beitler,* with him *Edward Hopkinson, Jr.,* and *William J. Graham,* for appellant.—Upon a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense, the court must not only decide that the cause of action is such as requires an affidavit of defense, but also that the plaintiff's statement discloses a good cause of action for the amount claimed: Fritz v. Hathaway, 135 Pa. 274; Byrne v. Hayden, 124 Pa. 170; Smith v. Seward, 3 Pa. 342; Kinney v. Harrison Mfg. & Boiler Co., 22 Pa. Super. Ct. 601.

Under the practice before the Act of May 25, 1887, the actions of assumpsit to which the affidavit of defense law applied were limited to those founded on contract alone: Reznor v. Supplee, 81 Pa. 180; Borlin v. Com., 99 Pa. 42.

The Act of May 25, 1887, P. L. 271, did not extend the class of cases in which judgment might be taken for

want of an affidavit of defense: Osborn v. Bank, 154 Pa. 134; Corry v. R. R. Co., 194 Pa. 516.

An affidavit of defense is not required in those actions of assumpsit where the cause of action is ex delicto or of a mixed character containing an element of contract and an element of tort: Krause v. Penna. R. R. Co., 20 W. N. C. 111; Brady v. Engineering Co., 132 Fed. Repr., 412; Kinney v. Mitchell, 136 Fed. Repr. 773; Holland v. Iron Works, 9 Pa. Super. Ct. 261; Wood v. Virginia Hot Springs, 202 Pa. 40; United Collieries Co. v. R. R. Co., 11 Pa. D. R. 300; Com. v. Miles, 16 Pa. D. R. 161; Dulaney v. Hoosac Tunnel Fast Freight Line, 30 Pa. C. C. R. 606; Cosgrove v. R. R. Co., 32 Pa. C. C. R. 240.

*Charles H. Edmunds*, for appellee.—Assumpsit was the proper remedy: Livingston v. Cox, 6 Pa. 360; Reilly v. White, 234 Pa. 115; Smith v. Smith, 166 Pa. 563; Ludwig v. Meyre, 5 W. & S. 435; Hill v. Humphreys, 5 W. & S. 123; Smith v. Seward, 3 Pa. 342; Buck v. Penna. R. R. Co., 150 Pa. 170; Murphy v. Thall, 17 Pa. Super. Ct. 500; Zell v. Dunkle, 156 Pa. 353.

OPINION BY MR. JUSTICE POTTER, May 13, 1912:

The question that meets us upon the threshold of this appeal is whether the suit was properly brought in assumpsit, or whether the form of action should have been trespass, to recover damages for a tort. The basis of liability upon the part of the defendant company as disclosed by the statement of claim, was its failure to take proper care of a quantity of celery deposited in its cold storage warehouse by the plaintiff. It is averred that the plaintiff delivered to the defendant company 3,651 crates of celery for the purpose of having it kept in cold storage for his benefit, he then and there agreeing to pay the usual, customary and proper charges therefor. That at the time the said celery was placed with the defendant, it was in first class condition, and was received as such. That it thereupon became the duty of

defendant to take reasonable and proper care of the celery, and to prevent the temperature of the room where it was stored from falling to a point which would cause the celery to freeze; and it is further averred that the defendant company agreed with plaintiff that it would exercise such care. It is charged that the defend-ant failed to comply with its agreement, but on the contrary, stored and packed the celery in a careless and negligent manner, so that it was damaged by foul and contaminating odors, and by freezing, and part of it be-came worthless and unmarketable. It is also averred that if the said celery had been maintained by the said defendant in the way and manner it had contracted to do, the celery would have been as good and marketable as when delivered to it. Plaintiff charges that his losses on the celery were caused by the failure of the defendant to store, pack and maintain the celery as it agreed to do, and that these losses amounted to the sum of $5,-257.24, as shown by an itemized statement attached. This sum, less the storage charges, he claimed the right to recover from defendant. A rule to file an affidavit of defense was entered, and in response thereto, counsel for defendant filed a paper which did not deny any of the averments of the statement, or set forth any defense to the claim of plaintiff, but merely suggested that as the claim was founded on negligence, no affidavit of defense was required. A rule for judgment for want of a sufficient affidavit of defense was then entered by plaintiff, which was afterwards made absolute by the court, who said: "We are of opinion that the allegations in the statement, 'the defendant company then and there agreed to and with the plaintiff to use all reasonable, proper, ordinary and customary means for the preservation and care of the said celery, and maintain a temperature in the room or rooms in which it was stored which would protect it against freezing' make this proceeding a suit for breach of contract, exactly the same as a breach of contract to furnish goods that had been

agreed to be furnished. The damages in both instances are measured by well known and easily ascertained rules. Rule absolute." The defendant has appealed and its counsel have assigned as error the entry of judgment against it.

It is clear that the legal wrong with which the defendant is charged is the breach of a contract. The plaintiff seeks to hold it responsible for the consequences of its failure to perform certain acts in the way in which it is alleged it agreed to perform them. The source of the obligation resting upon the defendant is the contract which is alleged to be broken. Therefore assumpsit was the proper form of action to pursue in seeking a remedy. The fact that the breach of the contract occurred through negligence which was tortious in its character makes no difference. As far back as Livingston v. Cox, 6 Pa. 360, it was held that an action upon the contract would be sustained, although tortious negligence was set out in the narr. That case was an action of assumpsit against an attorney-at-law, to recover for loss occasioned by his negligence in prosecuting a claim. In the opinion Mr. Justice BELL cites with approval the doctrine of Hunt v. Wynn, 6 Watts 47, which, as he says, "recognizes that wherever the violated duty necessarily springs from contract alone, the action is quasi ex contractu, though the gravamen is laid in tortious negligence, or breach of duty by positive and express tort." In the case of Conn v. Stumm, 31 Pa. 14, it was held that where one undertakes to perform work for another the law implies a contract to do it with care and skill, and that an action of assumpsit for the breach of such a contract will lie. And in Reeside v. Reeside, 49 Pa. 322, 331, Mr. Justice AGNEW said: "There is no doubt, where a duty arises out of an implied undertaking to do an act requiring skill or fidelity, that a breach of the duty may be the subject of an action of assumpsit upon the implied promise, or of an action upon the special case for the tort." This language was quoted with approval by Mr.

Justice BROWN in his opinion in Graham v. Cummings, 208 Pa. 516, 534. The same principle was again upheld in Zell v. Dunkle, 156 Pa. 353, and in Eckert v. Penna. R. R., 211 Pa. 267. In the late case of Reilly v. White, 234 Pa. 115, assumpsit was brought to recover a balance due upon a contract, and an additional sum for damages for breach of the contract on the part of the defendant, and we held that assumpsit was the proper form of action, and that an affidavit of defense was required.

We cannot agree with the suggestion of counsel for appellant that claims for two kinds of damages are here combined in one action. The plaintiff is concerned only with the consequences of the defendant's omission to do that which it agreed to do. In the statement of claim a contract is set forth, and its breach is averred, and upon that breach alone is based the right of plaintiff to recover.

The doctrine of waiver of tort is not here involved, as it was not necessary to invoke that principle. Indeed, it could not properly be applied to the facts of this case, for the reason that the defendant here made no profit for itself out of its wrongful acts. It is only where one, in the commission of a tort, makes a profit out of the unlawful act, that the injured party may, instead of suing in tort to recover damages for the injury, sue in assumpsit to recover the value of that which has wrongfully been taken or used. It is not sufficient that the plaintiff has been injured. It must also appear that the defendant has made a profit. If the claim of the plaintiff is merely to recover damages for the injury, his sole remedy is in tort. The doctrine of waiver of tort, in so far as this feature is involved, is thus stated by Lord Mansfield in Hambly v. Trott, 1 Cowp. 371: "If it is a sort of injury by which the offender acquires no gain to himself at the expense of the sufferer, as beating or imprisoning a man, etc., there the person injured has only a reparation for the delictum in damages to be assessed by a jury. But where, beside the crime,

property is acquired which benefits the testator, there an action for the value of the property shall survive against the executor. As, for instance, the executor shall not be chargeable for the injury done by his testator in cutting down another man's trees, but for the benefit arising to his testator for the value or sale of the trees he shall." The underlying principle is, that where there is gain to the tort feasor, you can sue in quasi-contract. Where the wrong results in no such profit, the remedy is in tort only. See Bethlehem Boro. v. Fire Co., 81 Pa. 445, and cases there cited.

In the present case if the plaintiff had not averred and relied upon a contract which was broken, he would have been confined to his remedy in trespass, as no profit or advantage accrued to the defendant from the wrong which was done. But, as the basis of the plaintiff's claim was the breach of a contract, the action was rightfully brought in assumpsit, and he was entitled, under the provisions of the Act of May 25, 1887, P. L. 271, to judgment for want of an affidavit of defense, or for want of a sufficient affidavit. The case of Corry v. Penna. R. R. Co., 194 Pa. 516, is cited to sustain the argument that no affidavit of defense is required. That case was, however, decided on the ground that there was no contractual relation between the parties. The suit was brought to recover damages for the loss of the contents of a trunk which had been sent out to the railroad station by a hackman, and was alleged to have been robbed while awaiting the arrival of the owner. In the opinion it is pointed out that at the time the articles were taken, the owner had not become a passenger, and that the company never did undertake to carry her and her missing baggage to her destination. It was considered that the only cause of action which she could have had was the negligent and careless keeping of the trunk before she became a passenger, and that was clearly a case of tort, if anything. The case of Osborn v. Bank, 154 Pa. 134, also cited by appellant, was an

action to recover a statutory penalty, and there was no element of contract in the case. In Bartoe v. Guckert, 158 Pa. 124, the action was also one for the recovery of a statutory penalty.

In the argument, the statement of claim was subjected to various criticisms as to its sufficiency. These objections do not appear to have been suggested in the court below, nor to have been considered by it. We are not convinced that there is any substantial merit in any of them. The statement of claim sets forth a good cause of action, and is self-sustaining. It is due to the counsel who argued this appeal, to say that they did not have charge of the case in the court below, and are not responsible for the way in which the issue there presented was met.

The assignments of error are overruled, and the judgment is affirmed.