# Parry, Appellant, *v.* First National Bank of Lansford.

*Banks and banking—Deposit—Affidavit of defense—Averments of plaintiff's statement.*

1. In an action against a bank to recover the amount of an alleged cash deposit, an affidavit of defense is sufficient which follows up a bald denial of the deposit, with a detailed explanation, effectually contravening the averments of the statement, and with a further averment that, at the time of the suit, defendant had no cash on deposit to the credit of plaintiff.

2. An affidavit of defense is evasive which denies defendant had a bond in its custody for plaintiff "such as described" in plaintiff's statement, as this does not deny the possession of a bond of slightly different character.

*Practice, C. P.—Affidavit of defense—Statement of claim—Sufficiency of statement—Pleadings—Waiver—Judgment on pleadings—Act of May 14, 1915, P. L. 483.*

3. A statement of claim itself is always open to attack when plaintiff asks for judgment on the pleadings.

4. To entitle one to judgment for want of a sufficient affidavit of defense, his statement of claim must aver, in clear and concise terms, all facts essential to support the judgment asked; it must be such that judgment may be taken and liquidated upon data which it furnishes.

5. There is nothing in the Practice Act of May 14, 1915, P. L. 483, which requires a departure from this rule.

6. Section 21 of the Act of May 14, 1915, P. L. 483, relating to the striking off of defective pleadings, is not intended to provide a new or exclusive remedy, applicable to defective pleadings, it is simply a general enabling provision to be read in connection with the rest of the act.

7. The filing of an affidavit of defense does not constitute a waiver of defendant's right subsequently to rely upon the insufficiency of plaintiff's statement of claim, when the latter asks for judgment on the pleadings.

8. The Practice Act of May 12, 1915, P. L. 483, treats the affidavit of defense as a plea.

*Practice, C. P. — Sufficient statement — Bank stock — Tort — Trover and conversion—Damages — Affidavit of defense — Act of May 14, 1915, P. L. 483.*

9. In an action of assumpsit against a bank to recover a money judgment for certain stocks and bonds alleged to have been deposited with defendant, the statement is defective and requires no affidavit of defense, if it sets up a claim practically in tort for trover and conversion and does not sufficiently liquidate the damages to give the court a proper basis upon which to enter judgment.

10. The Practice Act of May 14, 1915, P. L. 483, does not expressly authorize the entry of judgment by default for want of an affidavit of defense in cases of tort.

*Practice, C. P.—Misjoinder—Waiver by pleading.*

11. A defendant by pleading waives his right to object to a misjoinder of actions.

Argued March 7, 1921. Appeal, No. 73, Jan. T., 1921, by plaintiff, from order of C. P. Carbon Co., Oct. T., 1919, No. 47, discharging rule for judgment for want of sufficient affidavit of defense in case of William J. Parry v. First National Bank of Lansford. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover cash, stocks and bonds deposited. Before BARBER, P. J.

Rule for judgment for want of sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.
The court discharged the rule. Plaintiff appealed.

*Error assigned,* inter alia, above order, quoting it.

*J. O. Ulrich,* for appellant.

*Ben Branch,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 26, 1921:

This is an appeal from an order refusing to enter judgment for want of a sufficient affidavit of defense.

Plaintiff claims $5,757.46, with interest, on six separate allegations of indebtedness, set forth in as many paragraphs of his statement, the first of these being as follows: "3. On December 4, 1918, plaintiff had on deposit, in cash, in the savings department, in the First National Bank of Lansford, Pa., the sum of $1,057.46." The averment just quoted is followed by two other paragraphs, setting forth a demand by plaintiff for the return of the deposit and defendant's refusal. In answer, the affidavit of defense reads: "3. Denied: defendant averring that the only deposit which plaintiff had on December 4, 1918, in defendant's bank, was one of $120.59, which was increased to $180.59 by deposit made by plaintiff on December 7, 1918, and to $184.34 by an interest item entered to plaintiff's credit on January 1, 1919, which total deposit of $184.34 was withdrawn by plaintiff from defendant's bank on January 18, 1919, leaving no further deposit there to plaintiff's credit"; this averment is followed by admissions of the demand and refusal alleged in the statement of claim.

Had defendant contented itself with the "bald denial," indicated by the use of the word "denied," at the beginning of the third paragraph in its affidavit of defense, this would have been insufficient under the Practice Act of 1915, P. L. 483 (Fulton Farmers Assn. v. Bomberger, 262 Pa. 43, 46); but it did not do so. On the contrary, as just shown, immediately after the word "denied," the affidavit of defense enters into a detailed explanation, effectually controverting plaintiff's allegation that he had on deposit with defendant, on the date in question, the sum claimed in the third paragraph of his declaration, and defendant therein further avers that, at time of suit, it had no cash on deposit to credit of plaintiff. So far as the alleged deposit now under discussion is concerned, we entirely agree with the court below that the affidavit of defense is sufficient.

The other paragraphs of the statement of claim and affidavit of defense concern deposits of specific stocks

and bonds, alleged to have been made by plaintiff with defendant; as to these, certain of the averments of the affidavit of defense might well be termed "evasive," and others are little more than "bald denials." On this branch of the case, however, the statement of claim is inherently and materially insufficient; it requires no affidavit of defense, and the court below did not err in refusing to enter judgment for plaintiff, on the pleadings.

Before setting forth typical examples of defective averments from the declaration we shall, in view of the Practice Act of 1915, determine the prevailing rules of law which govern the matters before us for decision.

Prior to the recent act of assembly, it was not necessary to question the sufficiency of the statement of claim by demurrer; any material inadequacy might be successfully relied on by defendant on a rule for judgment for want of sufficient affidavit of defense. We said, in Fritz v. Hathaway, 135 Pa. 274, 280, "a judgment for want of a sufficient affidavit of defense is, in effect, a judgment on demurrer, and, like all such judgments, must be self-sustaining on the face of the record"; this is why the statement itself is always open to attack when plaintiff asks for judgment on the pleadings.

To entitle one to judgment for want of a sufficient affidavit of defense, his statement of claim must aver, in clear and concise terms, all facts essential to support the judgment asked; plaintiff's declaration must be such that "judgment may be taken and liquidated upon the data which it furnishes": Barr v. McGary, 131 Pa. 401, 407; Laubach v. Meyers, 147 Pa. 447, 453; Byrne v. Hayden, 124 Pa. 170, 177; Winkleblake v. VanDyke, 161 Pa. 5, 7, 9; Penn Nat. Bk. v. Kopitzsch Soap Co., 161 Pa. 134, 138; Chestnut St. Nat. Bk. v. Ellis, 161 Pa. 241, 244; Capital City M. F. Ins. Co. v. Boggs, 172 Pa. 91, 98; Acme Mfg. Co. v. Reed, 181 Pa. 382, 384; Rosenblatt v. Weinman, 230 Pa. 536, 540. See also Clements v. Dempsey, 7 Pa. Superior Ct. 52; Bill P. S. Co. v. Jermon, 27

Pa. Superior Ct. 171, 173, 175; Sullivan County v. Middendorf, 42 W. N. C. 135, 136.

We find nothing in the recent Practice Act, or in the decisions under it, which requires a departure in the present case from the principles just stated: section 21 of this statute (reading as follows, ."The court upon motion may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct") is not intended to provide a new or exclusive remedy, applicable to defective pleadings; it is simply a general enabling provision to be read in connection with the rest of the act. If section 21 is not meant to perform this enabling function, a court would have no right under section 17 to permit a supplemental or amended affidavit of defense, which power has never been, and cannot properly be, questioned.

Here, differing from Fulton Farmers Assn. v. Bomberger, 262 Pa. 43, 46, the court below has not ruled the statement of claim adequate; hence, fatal deficiencies therein will prevent plaintiff from securing judgment for want of a sufficient affidavit of defense. The filing of the affidavit constituted no waiver of defendant's right subsequently to rely upon the inadequacy of plaintiff's averments, when the latter asked for judgment on the pleadings. In Federal S. Co. v. Farrell, 264 Pa. 149, we held the filing of a reply by plaintiff to a counterclaim of defendant did not waive the former's right, upon a motion for judgment on the pleadings, to question the sufficiency of the averments of the counterclaim; and defendant in the present case, so far as the proposition in hand is concerned, is in the same relative position as the plaintiff in the authority under discussion. All of this brings us to the conclusion that, if no affidavit of defense to the averments of the statement of claim which deal with the alleged deposits of stocks and securities was required, then defects in the answering averments are

immaterial; and, as before said, so far as the parts in question are concerned, plaintiff's declaration calls for no pleaded reply.

A typical example of plaintiff's defective allegations is found in the sixth paragraph of his declaration, which reads as follows: "On December 4, 1918, defendant had, in its custody for plaintiff, one bond of Wilson & Company for $1,000, bearing interest at the rate of six per cent per annum." This is followed by assertions that plaintiff made demand "upon defendants for delivery to him of said bond"; that "defendant refused and still refuses to comply with the demand of plaintiff to pay the value" of the bond; that "the transactions between plaintiff and defendant were within the scope of the general usage, practice, and course of business of banks"; and that no written contract existed "relating to any of the transactions," all being "oral." The final averment is that defendant is indebted to plaintiff in the "sum of $1,000 for said Wilson & Company bond, with interest thereon," as previously mentioned; but plaintiff fails to say what the so-called "transactions" between the parties really were.

The various allegations above referred to, and similar ones relating to other like items of claim, are answered in the affidavit of defense in this style: "Denied, defendant at no time having in its custody for plaintiff a bond such as is described in paragraph six of plaintiff's statement of claim." It may readily be seen that this averment, purposely or otherwise, is evasive; for the bank might have in its hands for plaintiff a bond of Wilson & Company for $1,000, bearing interest at five per cent, instead of six, and the affidavit would state with entire truthfulness that defendant had no "bond such as is described" by plaintiff. Other insufficiencies in the manner of stating defenses might be pointed out; but, as previously ruled, and as we shall proceed to show, plaintiff's declaration on the items in question calls for no affidavit of defense, and, even were this otherwise, the

statement, as drawn, is not adequate to support a judgment, as far as these items are concerned.

The averments of the statement, as to the alleged deposits with defendant of specific stocks and bonds (the items in question), relate, in their fundamental characteristics, only to either the action of replevin or detinue, or to that of trover and conversion; but plaintiff's claim is distinctly for a money judgment, there being no request for the return of the specific articles alleged to have been deposited and illegally retained. Since plaintiff asks a money judgment alone, and makes no allegation that the bank sold the alleged deposited articles, or received value for them, the declaration averring no specific contract, the breach of which would put defendant in the legal position of having received money for plaintiff's account (see Bethlehem Borough v. Perseverance Fire Co., 81 Pa. 445, 459-60; Boyer v. Bullard, 102 Pa. 555, 558; Weiler v. Kershner, 109 Pa. 219, 222; Wood v. Virginia H. S. Co., 202 Pa. 40, 42), the allegations contained therein, so far as the items now under discussion are concerned, practically reduce plaintiff's claim to one in tort for trover and conversion; and this demands no affidavit of defense: Corry v. Pa. R. R. Co., 194 Pa. 516.

The case last cited was, of course, decided prior to the Practice Act of 1915, but the decision there made is an authority here, because, while the recent statute provides, to a limited extent, for affidavits of defense in actions of tort, there is nothing in it which requires such an affidavit to meet plaintiff's averments in the present case, particularly so far as they relate to the description of the tort itself, or the damages suffered (see Flanigan v. McLean, 267 Pa. 553, 557; Wilson v. Adams Ex. Co., 72 Pa. Superior Ct. 384, 387; McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520, 523; also section 13 of the Practice Act). Moreover, there is nothing in the Act of 1915 authorizing judgment by default for want of an affidavit of defense in an action of tort (see, on this point, Wilson v. Adams Ex. Co., supra, at bottom of page 387,

and opinion by Judge HENDERSON in Smith v. Wertheimer, 76 Pa. Superior Ct. 210; also section 18 of the Practice Act), and, if there were, plaintiff's declaration would be insufficient to support the entry of such a judgment, because, with a possible single exception, there is no proper averment of the value of the stocks and bonds alleged to be wrongfully withheld, or of the date when the supposed conversion occurred  The face value is the only one given, neither the actual nor market value appearing; and, as to the dates of the alleged demands and refusals, no particulars are furnished.  In the single instance where market value is mentioned there is no allegation that the stocks in question were deposited by, or held for, plaintiff, the only statement in this regard being that defendant had such stocks "in its custody." The damages claimed are not sufficiently liquidated to give the court a proper basis upon which to enter judgment; and, in the absence of the material averments to which we have called attention, plaintiff is not entitled to judgment.

In view of our decision in Stoker v. P. & R. Ry. Co., 254 Pa. 494, 498, that a defendant, by pleading, waives his right to object to a misjoinder of actions, it is not necessary to consider whether there is a misjoinder here; while no plea, in the old sense of that term, was filed, the Act of 1915, supra, treats the affidavit of defense as a plea.

This appeal involves some nice points of practice; therefore, we have gone into the several questions, which present themselves, more at length than is usual in affirming an order such as the one now before us.  That part of plaintiff's claim which falls strictly within the category of assumpsit was sufficiently met by the affidavit of defense, and the remaining parts of the claim, sounding in tort, demand no pleaded reply; for these reasons, which we have elaborated in this opinion, the court below did not err in refusing judgment.

The assignments are overruled and the order appealed from is affirmed.