## Frey v. Lehigh Valley Shoe Company.

*Practice, C. P.—Counter-claim—Waiver of tort.*

1. A claim sounding in tort, arising out of a different transaction, connot be set up as a counter-claim to plaintiff's claim founded in *assumpsit.*

2. In an action for commissions as agent for sale of hides and skins, the defendant cannot set up as a counter-claim the value of certain leather which plaintiff, while in the employ of defendant, shipped without authority to another, the price of which proved uncollectible.

3. Plaintiff may waive a tort, but only when the goods have been actually converted into money by the wrongdoer or the circumstances are such as to raise a presumption that he has done so.

4. Section 14 of the Practice Act of May 14, 1915, P. L. 483, provides for a set-off or counter-claim of any right or claim for which an action of *assumpsit* would lie.

Statutory demurrer. C. P. Lehigh Co., Jan. T., 1924, No. 41.

*Gernerd & Boyle,* for plaintiff; *Butz & Rupp,* for defendant.

IOBST, J., March 3, 1924.—In this case the plaintiff claims in *assumpsit* the recovery of $1510.44 upon an oral contract of agency for the sale of certain hides and skins, the property of the defendant. The defendant in its affidavit of defence denies the claim of the plaintiff, and, in addition to said denial, sets up a counter-claim as follows: "For further answer to the claim of the plaintiff herein, and as a counter-claim thereto, the defendant avers that the plaintiff is indebted to it in the sum of one hundred and twenty dollars and ninety-

eight cents ($120.98), and which is the value of certain leather which the plaintiff, while in the employ of the defendant, shipped without authority to the Force Company at Philadelphia, Pa., from whom it could not be collected by reason of want of assets. The leather so shipped consisted of two invoices, viz., on June 12, 1919, leather invoiced at eight dollars and forty-eight cents ($8.48), and on June 18, 1919, leather invoiced at one hundred and twelve dollars and fifty cents ($112.50). The defendant claims the said sum of one hundred and twenty dollars and ninety-eight cents ($120.98) as a counter-claim, in the event that the plaintiff should recover any sum whatsoever against the defendant upon the cause of action alleged in the statement of claim."

To defendant's counter-claim, plaintiff files an affidavit of defence for the purpose of raising questions of law for the decision of the court. Section 14 of the Practice Act of May 14, 1915, P. L. 483, 485, provides, inter alia, that "In actions of *assumpsit* a defendant may set off or set up by way of counter-claim against the claim of the plaintiff any right or claim for which an action of *assumpsit* would lie."

In the case of Satterlee v. Melick & Eves, 76 Pa. 62, Mr. Justice Sharswood, on page 65, says: "It is evidently true, that in many cases the owner of goods wrongfully taken or detained by another may waive the tort and recover on a count for money had and received in *assumpsit*. But then there must either be some evidence that goods have been actually converted into money by the wrongdoer, or the circumstances must be such as to raise a presumption that he has done so. . . . It is evident that conversion or consumption was essential; a mere detention, or a loss even by negligence, would not have been enough to charge him in this form of action. There must be something from which to presume that he assumed the ownership as vendee." The counter-claim in this case does not allege that the plaintiff converted the leather to his own use, or that it was converted into money. It simply alleges that he shipped without authority to some one else the goods of the defendant while he was in its employ. But a more serious objection appears in the fact that the matters set forth in the counter-claim do not arise out of the same transaction as set forth in the plaintiff's cause of action. There is no doubt that an action sounding in tort, arising out of a different transaction, cannot be set up as a counter-claim to a plaintiff's cause of action founded in *assumpsit*.

"It is well settled that matters sounding in tort and arising out of a different transaction cannot be given in evidence as a set-off by a defendant sued in an action *ex contractu*. Broad and liberal as the decisions have been, they have never authorized the admission of proof of damages arising from a technical tort:" Groetzinger v. Latimer, 146 Pa. 628. In the case of Roth v. Reiter, 213 Pa. 400, Mr. Justice Elkin, on page 401, says: "It is conceded in this case, and it is the law, that in an action on a contract, unliquidated damages arising out of a tort independent of, and disconnected with, the transaction sued on cannot be recouped by way of equitable defence." In addition, we think that the set-off or counter-claim is not pleaded with sufficient clearness and exactness as required under the act. "A counter-claim should be set forth with as much precision and exactness as is required in the statement of a cause of action upon which proceedings are instituted:" Motors Co. v. Hudford P. S. Co., 264 Pa. 557. For these reasons, we think that the defendant's set-off or counter-claim should be stricken from the pleadings.

And now, March 3, 1924, it is ordered that the defendant's set-off or counter-claim be stricken from the pleadings.

From James L. Schaadt, Allentown, Pa.