## Stein *v*. Cherry, Appellant.

Argued September 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

330

*Robert P. Shick,* for appellant.

*Walter Stein,* for appellee.

OPINION BY HIRT, J., December 14, 1945:

In this action of assumpsit, judgment was entered against the defendant, for the amount admitted in her affidavit of defense to be owing, with leave to plaintiff to proceed for the balance claimed. The amount involved is small but the question, although not new, is of some importance.

Defendant rented a room in plaintiff's house and was supplied board at an agreed weekly rate. Plaintiff's statement of claim alleged a balance due of $53.75. Defendant in her affidavit of defense admitted that, as of June 22, 1944, she was indebted to plaintiff in the sum of $94.25. A payment of $44.50, on account, repaid a cash loan (made in 1941) of $27.50 and reduced the balance due for room and board to $49.75 according to defendant's admission. Her sole defense to payment is that plaintiff, following a threat to "exercise her rights as landlord", has refused to surrender a rug belonging to defendant, valued at $50.

Judgment was entered on the one ground that defendant had failed to plead a set-off or counterclaim in accordance with §14 of the Practice Act as amended April 22, 1929, P. L. 627, 12 PS 431. Such defect in a pleading, in itself, does not ordinarily justify summary judgment. And in this case, if the facts alleged under

the general issue were sufficient to support a valid set-off or counterclaim, it would have been an abuse of discretion for the court to have refused defendant leave to amend, to comply with the Practice Act in formal respects. *Miners Savings Bank v. Naylor,* 342 Pa. 273, 20 A. 2d 287. However, the order of the court in entering judgment was proper, for defendant has not averred facts which, in any view, would support a valid defense to plaintiff's claim, in whole or in part.

The pleadings do not characterize plaintiff as an innkeeper with the right of a lien on defendant's property on the premises. Act of June 12, 1913, P. L. 481, 37 PS 71. But assuming that plaintiff's act was tortious, defendant could not recover the value of the rug in this proceeding. It is not alleged that plaintiff has sold or otherwise converted defendant's property into money. In such event, only, could defendant waive the tort and assert set-off or counterclaim in assumpsit. Cf. *Willet v. Willet,* 3 W. 277; *Satterlee v. Melick & Eves,* 76 Pa. 62; *Weiler v. Kershner,* 109 Pa. 219. For mere unlawful detention of a chattel, a plaintiff cannot waive the tort and assert a claim in assumpsit. *Boyer v. Bullard,* 102 Pa. 555; *Rees & Sons Co. v. Western Exposition Soc.,* 44 Pa. Superior Ct. 381; *Parry v. First Nat. Bk. of Lansford,* 270 Pa. 556, 113 A. 847.

Defendant's position is not tenable because she alleges only a withholding of her rug by plaintiff and seeks, not a recovery of its value, but a return of the property. It is obvious that this can be accomplished only by an action in replevin. Plaintiff's possession of defendant's property, even if without right, is no defense in this action to a money judgment against her for the amount admitted to be due. A claim for the return of specific property is not one "for which assumpsit would lie" and cannot be the subject of set-off or counterclaim, under §14 of the Practice Act. Moreover, the common law equitable defense of recoupment (usually invoked to establish failure of consideration.

*Glennon v. Lebanon Mfg. Co.,* 140 Pa. 594, 21 A. 429; *Blessing v. Miller,* 102 Pa. 45; Price v. Lewis, 17 Pa. 51) is equally unavailable to a defendant whose sole effort is to recover personal property, and not its value.

Since a recovery of property is sought, it is no greater hardship on defendant to limit her to replevin, than to refer a tenant to the same action in contesting the validity of a landlord's lien on property under distraint. *Wolcoff v. Edith L. Aguero,* 100 Pa. Superior Ct. 576. Replevin is the appropriate remedy in both instances.

The judgment is affirmed to the extent of $49.75.