## Brown v. Syostek.

*Practice—Pleading—Set-off and counter-claim in actions of trespass.*

1. A set-off or counter-claim may not be set up in an action of trespass, although the claims of both plaintiff and defendant arise out of the same transaction.

2. Section 14 of the Practice Act of May 14, 1915, P. L. 483, restricts the right of set-off or counter-claim to actions of *assumpsit*.

3. The right of set-off or counter-claim did not exist at common law.

Rule to strike off set-off and counter-claim. Municipal Court, Phila. Co., April T., 1922, No. 170.

*William Ginsburg*, for plaintiff; *Fred'k A. Sobernheimer*, for defendant.

LEWIS, J., June 20, 1922.—This is a rule to strike off a set-off and counter-claim. The suit is one for damages to a wagon, caused by the alleged negligent driving of an automobile by the defendant. The affidavit of defence denies the negligence and sets out a set-off and counter-claim for damages to defendant's automobile, caused by the negligent driving of plaintiff's team. The question presented is whether or not, in an action in trespass, such a set-off and counter-claim are allowable.

The right of set-off and counter-claim did not exist at common law and is founded entirely on statute. The early statute in Pennsylvania permitting a set-off or counter-claim is the Defalcation Act of Jan. 12, 1705, 1 Sm. Laws, 49, which, however, makes no provision for a counter-claim in tort actions, and our courts have uniformly construed it to apply only to cases in which the matter set off would in itself serve as a foundation for a separate action. The Practice Act of May 14, 1915, P. L. 483, 485, retains, in section 14, the distinction between actions *ex contractu* and actions *ex delicto*, and provides that "in actions of *assumpsit* a defendant may set off or set up by way of counter-claim against the claim of the plaintiff any right for which an action of *assumpsit* would lie, and a verdict may be rendered in his favor for the amount found to be due and judgment entered thereon."

It seems to be established that section 14 of the Practice Act limits the right of counter-claim to actions of *assumpsit*: Jarecki *v.* Montgomery, 69 Pitts. L. J. 109 (1920).

In Shoemaker v. Myers, 30 Dist. R. 240, the identical question was raised, and the court there refused to strike off the counter-claim. The plaintiff in that case was driving a motor and the defendant was driving some horses on the same highway. The plaintiff claimed to recover for damages caused by the horses leaping upon his motor-car. The defendant counter-claimed for damages done to one of the horses through the negligent driving of the plaintiff. The question whether a counter-claim may be set up in an action in trespass was raised by plaintiff, who took a rule to strike off the counter-claim. The court discharged the rule, holding that since both claims arise out of the same transaction, they ought to be determined in one suit by an action and counter-claim, and although there was no authority under the provisions of the Practice Act for the filing of a counter-claim in an action in trespass, the law prior to the act permitted it.

While there is good reason and logic to sustain this contention, unfortunately the Pennsylvania rule does not go to the extent that Judge Gillan in Shoemaker v. Myers would have it. The Supreme Court of our State has held that unliquidated claims for tort, fraud or deceits are not proper set-offs or counter-claims: Roth v. Reiter, 213 Pa. 400.

However desirable it would be to have all of the facts of a particular action for damages inquired into by a suit and counter-claim, there seems to be no warrant for it in the present state of our law. In the admirable treatise on the Pennsylvania Practice Act of 1915, by David Werner Amram, this question is thoroughly discussed and the conclusion reached "that the present law of Pennsylvania allows no counter-claim at all in actions of trespass and no counter-claim in trespass in actions of assumpsit."

For these reasons, the rule to strike off the counter-claim is made absolute.