## Graham *against* Vandalore.

An informality in the name of the plaintiff to a suit before a justice of the peace, will be disregarded on an appeal to the common pleas.

ERROR to *Fayette* county.

This was an action which originated before a justice of the peace, to recover rent for the occupation of a messuage, &c. The form of the suit was, William Piper, agent for F. A. Vandalore *against* Nathaniel Graham. A declaration was filed in common form in the name of F. A. Vandalore as plaintiff: to which the defendant demurred, and the plaintiff joined in demurrer. The court (Baird, president) was of opinion that the variance was not fatal, and rendered a judgment for the plaintiff.

*Dawson,* for plaintiff in error.
*Tod,* for defendant in error.

PER CURIAM.—Though standing on the justice's docket, in the name of the agent, the action was essentially that of the principal, and so intended to be. On an appeal, then, where all further proceedings are to be strictly according to the forms of the common law, what, in a case like the present, is the appellate court to do? It must either require an equal degree of conformity to rules of practice on the part of the justice, and thus render this useful tribunal inefficient, or it must disregard previous incongruities, by looking exclusively to the substance, and considering the action, so far as respects technicalities, as if it were just originating in the common pleas. Was this the same cause of action that was prosecuted before the justice, and was it essentially between the same parties? No one can doubt it. The variance was but in a matter of form, which sound policy, having respect to the peculiar circumstances connected with the jurisdiction of justices of the peace, requires should not be made the subject of a demurrer. As to the amendment, it is perfectly clear that it did not introduce a distinct substantive cause of action.

Judgment affirmed.