## Steckel *versus* Weber.

Where in the case of an appeal from the judgment of a justice of the peace, the parties voluntarily tried an action of *tort* under pleadings applicable only to an action on a contract, it was *held* to be a waiver of objection to the form of the action, and also to any variance between the form of proceeding before the justice and that tried on appeal in the Common Pleas.

ERROR to the Common Pleas of *Lehigh county.*

This was a proceeding had on the application of Weber *v.* Steckel, before a justice of the peace. In June 1850, cattle of the defendant broke, from the highway, through the fence of the plaintiff, into his field in which wheat and rye were then growing. The cattle were driven out by the plaintiff and others in his employ, to the barn of the defendant and left there. The plaintiff afterwards made application to a justice of the peace. The record sent up with the appeal was to this effect:

"Warrant to appraise damages under Act 13th April, 1807, relating to strays, &c. Plaintiff brings suit against defendant for trespass done by defendant's cattle breaking into plaintiff's field, &c., and injuring his grain." The justice proceeded to have the damage appraised according to the said Act of 1807, and rendered judgment for $13. The defendant appealed.

A declaration for money had and received was filed. Plea, *non assumpsit*, and issue. An agreement existed among members of the bar in Lehigh county, which was filed of record, to try all appeals from the judgments of justices of the peace upon the merits, under the form of pleading pursued in this case.

McCARTNEY, P. J., charged as follows:

[Steckel v. Weber.]

"Here are two modes of redress provided for a man whose land is trespassed upon by cattle: he may distrain the cattle doing the damage, or he may proceed by action of trespass against the owner, but he cannot pursue both these remedies. The present plaintiff did not distrain the cattle doing the damage, and the attempt in this case by the justice to proceed under the Act of 13th April, 1807, 'concerning strays,' is by consequence erroneous. His effort to administer justice may, nevertheless, be sustained as an action of trespass under the 4th section of the Act of 1810, called 'the one hundred dollar Act;' which enacts, that upon appeal, 'the cause shall be decided * * * on its facts and merits only, and no deficiency of form and substance in the record or proceedings, nor any mistake in the form or name of the action, shall prejudice either party in the Court to which the appeal shall be made.'

"The justice, in the present case, made a mistake in the form and name of the action. Under the above section it is an action of trespass, and is to be decided here, independently of the Act of 1807, relating to strays.

"The action of trespass is also independent of the Act of Assembly regulating the height of fences. For the 'fence' enactment is part of the 'stray' Act of 1729; and the Act of 1807, § VII., relating to strays, and extending to Lehigh county, expressly repeals the Act of 1729, and the action of trespass, in its relation to the height of fences, remains as at common law: Knight v. Abert, 6 Barr 472. At common law every entry of cattle on the land of another without license is a trespass, congeable indeed, in Pennsylvania, if the land be unenclosed, but actionable if enclosed. Was the land, where the trespass was committed, enclosed? This is a question for you. If it was, then the amount of damages is a matter of computation by the jury, under all the facts of the case, among which sufficiency of the enclosure may be considered for the purpose of increasing or diminishing those damages."

To this charge, the counsel for the defendant excepted.

December 1, 1852, verdict for plaintiff for $12 damages, and six cents costs.

It was assigned for error: 1. The Court erred in instructing the jury as follows: "The justice in the present case made a mistake in the form and name of the action. Under the above section (having before referred to sec. 4, Act of 1810) it is an action of trespass, and is to be decided here independently of the Act of 1807, relating to strays."

2. In instructing the jury as follows: "The action of trespass is also independent of the Act of Assembly regulating the height of fences, for the fence enactment is part of the stray act of 1729; and the act of 1807, sec. 8, relating to strays expressly repeals

[Steckel *v.* Weber.]

the act of 1729, and the action of trespass, in its relation to the height of fences, remains as at common law."

3. In instructing the jury that if the land was enclosed the amount of damages was a matter of computation, and the insufficiency of fence would be a matter in mitigation of damages.

*Reese* and *Brown*, for plaintiff in error.—It was, *inter alia*, contended that the proceeding instituted before the magistrate was *in rem*, and that in Court the proceeding was *in personam;* that the *nature* of the action was sought to be changed, which, it was contended, could not legally be done.

It was further contended to be a rule of the common law that the repeal of a repealing statute revives the original act: Collins *v.* Smith, 6 *Wharton*, p. 297. The expiration of a statute by its own limitation, *ipso facto* revives a statute which had been repealed and supplied by it: *Id.* 294. The Act of 1700, *Dunlop*, p. 39, regulated the height of fences at 5 feet; the Act of 1729, *Dunlop*, p. 81, regulated the height at 4½ feet; the Act of 1807, *Dunlop*, p. 253, repealed the Act of 1729; and hence, if the above cited principle is correct, the Act of 1700 was revived, and the charge of the Court, as contained in errors assigned, was incorrect

*Stiles*, with whom was *King*, for defendant.—The plaintiff did not intend to proceed against the cattle *as strays.* They were delivered to the defendant. The mistake was made by the justice.

But though a proceeding under the Act concerning strays is at first a proceeding *in rem*, yet, if the owner appear, it becomes an action of trespass. The Act of 1810 would have authorized an amendment. Reference was made to 2 *Rawle* 20 ; 17 *Ser. & R.* 141. The error was waived by the agreement.

The 2d and 3d errors both relate to the sufficiency of the fence. The Act regulating fences in the county of Lehigh has been repealed, as stated by the judge in his charge. But even if it were otherwise, it would not prejudice the plaintiff below. " The laws in relation to fences do not take away the common law remedy:" Adams *v.* McKinney, *Add. R.* 258. "Every owner of cattle must care for them ; the law fences every man's land:" Dolph *v.* Ferris, 7 *W. & Ser.* 367. "An action lies for trespass by cattle on unenclosed woodland:" 2 *Wh.* 427.

The opinion of the Court was delivered, April 4, by

LEWIS, J.—The cattle of Steckel having committed a trespass upon the premises of Weber, the latter commenced proceedings before a justice of the peace, which were described in the transcript to be a "warrant to appraise damages under the Act of April 13, 1807, relating to strays, &c." After judgment was entered for the plaintiff, the defendant appealed, and the cause was tried by consent, under a declaration and plea in *assumpsit*,

[Steckel v. Weber.]

in accordance with a practice which prevails in some counties of the state.

The Court of Common Pleas decided upon the rights of the parties as in an action of trespass, and this is one of the errors complained of. The decisions of the Court below depend so much upon the *form of the action*, and the *nature of the pleadings*, that it is very difficult to review them where the parties have paid no attention whatever to either. It is not going too far to declare that where the parties have voluntarily tried an action of *tort* under pleadings applicable only to actions on *contracts*, it is a waiver of all objections to the form of the action, and also to any variance between the form of proceeding before the justice and that tried on appeal in the Common Pleas. We see no error affecting injuriously the plaintiff in error

Judgment affirmed.