## Skinner v. Undergust.

*Practice, C. P.—Pleading—Affidavit of defence—Statutory demurrer and averments of fact in same affidavit—Waiver of legal objections.*

1. An affidavit of defence which denies the material facts alleged in the plaintiff's statement and also raises a question of law relating to the jurisdiction is bad pleading, which should not be encouraged.

2. Where questions of law are raised by the defendant in an affidavit of defence along with an answer on the merits as to questions of fact, the answer on the merits must be deemed to operate as a waiver of any technical objection to the statement, and the demurrer will be stricken out as surplusage.

*Practice, J. P.—Alderman—Appeals—Hearing on merits—Error in form of action—Trespass—Jurisdiction.*

3. If an alderman has entered upon a hearing of a case upon the merits, his judgment thereon will not be reversed, upon appeal, for the sole reason that the action appears to have been designated as in *assumpsit*, when the evidence in fact related to a cause in trespass.

4. A justice of the peace or alderman has jurisdiction in actions brought for the recovery of damages for injuries done or committed on real or personal property where the damages do not exceed $300; this includes an action to recover for the direct damage and immediate injury caused when the defendant negligently drove his automobile against the automobile of the plaintiff.

Motion to quash appeal and dismiss suit. C. P. Dauphin Co., Sept. T., 1922, No. 636.

*Paul A. Kunkel,* for defendant, for motion.

*George F. Lumb,* for plaintiff, contra.

WICKERSHAM, J., Jan. 29, 1923.—In order to approach a decision of this case intelligently, it is necessary for us to review briefly the several proceedings had before John P. Hallman, an alderman of the City of Harrisburg, and proceedings had in this court.

On Nov. 2, 1922, the plaintiff, Charles W. Skinner, commenced an action against Lewis Undergust in the court of John P. Hallman, an alderman of the City of Harrisburg. The alderman entitled the action "in *assumpsit*," and issued a summons in an action of *assumpsit*, which was served upon the defendant, Lewis Undergust. Counsel for the defendant objected to the alderman's jurisdiction on the grounds that the defendant was summoned in an action of *assumpsit*, and plaintiff's statement in his affidavit filed with the alderman showed the action should have been in trespass. On Nov. 9, 1922, the parties appeared before the alderman, represented by their counsel, and proceeded to a hearing, wherein it appeared that the suit was brought to recover $72.50 for repairs to the plaintiff's automobile, which was damaged by the defendant's automobile on the river road on Oct. 27, 1922. After plaintiff's testimony was heard, counsel for defendant filed a further objection that the testimony of the plaintiff presented a cause of action growing out of an alleged negligent act on the part of the defendant, and claimed damages for injuries arising out of said negligence, of which cause of action the alderman had no jurisdiction. The alderman overruled the objection. The defendant was then heard, together with his witnesses. At the request of counsel for the defendant, the case was continued until Nov. 10, 1922, at which time the defendant presented another witness and the plaintiff called a further witness. The record then proceeds, "after hearing proofs and allegations for the plaintiff and defendant, judgment is publicly given in favor of the plaintiff and against the defendant for the sum of $72.50 and costs of suit." On Nov. 24, 1922, the defendant appealed, and on Nov. 25, 1922, the appeal was filed in the Court of Common Pleas of Dauphin County, to No. 636, September Term, 1922.

On Dec. 4, 1922, the plaintiff filed his statement, setting forth, *inter alia*, that on Oct. 27, 1922, he was riding in his automobile on the river drive in or near the City of Harrisburg, proceeding in a southerly direction; that the defendant, Lewis Undergust, was driving his automobile in an opposite or northerly direction on said road in an unlawful, reckless and negligent manner, and then and there drove his (the defendant's) automobile into the left side of plaintiff's automobile with great force and violence, doing damage to the plaintiff's automobile, causing the plaintiff loss and damage in the sum of $72.50.

On Dec. 14, 1922, the defendant filed an affidavit of defence, admitting the allegations in the first, second, third and fourth paragraphs of plaintiff's statement, and denying the principal allegations thereof, as appears in the fifth, sixth, seventh and eighth paragraphs of said affidavit of defence. The defendant then raised a question of law in the ninth paragraph of said affidavit of defence as follows: "This suit arises upon appeal by defendant from the judgment of Alderman Hallman, whose record filed in this case shows on its face that the defendant was summoned in an action of *assumpsit*, and that the basis of the action was malicious tort, and that the defendant filed at the commencement of the trial, and also at the conclusion of plaintiff's testimony, a motion to dismiss the suit because the alderman did not have jurisdiction."

We have, then, in the pleadings an affidavit of defence denying the material facts alleged in plaintiff's statement, and also raising a question of law relating to the jurisdiction of the alderman who first heard the case. We think this form of pleading is bad and should not be encouraged. Under the Practice Act of May 14, 1915, P. L. 483, an affidavit of defence should not contain both a statutory demurrer and allegations of fact. The defendant in the affidavit of defence may raise any question of law without answering the

3 D. & C.

averments of fact in the statement of claim, and any question of law so raised may be set down for hearing and disposed of by the court. If, in the opinion of the court, the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just. If the court shall decide the question of law so raised against the defendant, he may file a supplemental affidavit of defence to the averments of fact in the statement within fifteen days: Miller v. Keim, 1 D. & C. 460. Prior to the passage of the Practice Act, the general rule was that a party will not be permitted to demur after he has pleaded to the merits: Heller v. Royal Ins. Co., 151 Pa. 101; Wagner v. Smith, 10 Kulp, 463; 6 Encyclopædia of Procedure, 862.

We find the decisions of the several Courts of Common Pleas of Pennsylvania and the Superior Court, which we have examined, interpreting the practice relating to affidavits of defence under the Practice Act of 1915, to be practically harmonious and in affirmance of the views which we have hereinbefore expressed.

In McAllister v. Com., 28 Dist. R. 509, it was held by McCormick, P. J.: "Questions of law must be raised in the first instance by the affidavit of defence without answering the averments of fact."

In Surovizh v. Knights and Ladies of Security, 21 Lacka. Jurist, 387, the averments of fact in plaintiff's statement were answered seriatim, while by another paragraph added to his affidavit defendant sought to demur. Held, by Newcomb, J., "this cannot be done. The answer on the merits must be deemed to operate as a waiver of any technical objection to the statement and to strike out the demurrer clause as surplusage."

In Steese v. Water Co., 5 Northumb. Co. Repr. 52, it was held an affidavit raising questions of law which avers facts not alleged in statement appearing of record, or admitted by plaintiff, is equivalent to a speaking demurrer and cannot be considered by the court, but it will be stricken off and defendant will be allowed to file a supplemental affidavit as to merits.

In Rhodes et al. v. Terheyden et al., 29 Dist. R. 507, it was held by the Court of Common Pleas of Allegheny County that an affidavit of defence raising questions of law which may be concisely described as statutory should not contain averments of fact.

Discussing the proper practice under the Practice Act of 1915, in Bovaird v. Barrett & Son, 78 Pa. Superior Ct. 68, it was said by Judge Keller: "Under the Practice Act, the defendant can raise any question of law arising out of the averments in the plaintiff's statement, just as he could do formerly by demurrer, but without subjecting himself to the risk of judgment being entered against him if his motion is denied, which was one of the consequences of a demurrer in common law pleading; for, by section 20, if the court decides the question of law so raised against the defendant, he is entitled to file a supplemental affidavit of defence to the averments of fact within fifteen days; but the question of law thus raised is the same kind that could formerly be raised by demurrer, and *must arise out of the facts averred in the plaintiff's statement and not out of new facts introduced by way of defence;* in other words, it must not be what was called in common law pleading a speaking demurrer; that is, one which alleges new matter, in addition to that contained in the narr, as a cause for demurrer. 'A demurrer is never founded on matter collateral to the pleading which it opposes, but arises on the face of the statement itself:' Stephen on Plead., 62. The affidavit of defence setting up questions of law only, provided for by section 20, is in the nature of a demurrer: Scranton A. & S. Co. v. Scranton Board of Trade, 271 Pa. 6, 8.

'It was the intention of the legislature to include in the answer legal objections that were formerly submitted by way of demurrer:' Shifferstine v. Sitler, 264 Pa. 290, 292. 'To bring a case literally within this clause of the statute, the affidavit should raise questions of law only, and that would be correct practice:' Jackson v. Myers, 260 Pa. 488, 491. It is true that in the last-named case averments of fact contained in the affidavit were treated as surplusage, but that was because 'such averments might have been stricken out as immaterial.' "

It thus appears that the questions of law raised in an affidavit of defence must be the same kind that could formerly be raised by demurrer, and must arise out of facts averred in the plaintiff's statement and not out of new facts introduced by way of defence. Judged by the great weight of authority, the question of law raised by the defendant in the affidavit of defence, combined, as it is, with questions of fact in denial of the material allegations of the plaintiff's statement, is bad. The answer on the merits must be deemed to operate as a waiver of any technical objection to the statement, and the demurrer must be stricken out as surplusage. However, in order that this case may be reviewed intelligently in the event of an appeal from our decision, we will pass briefly upon the two objections raised in the alderman's return to this court and in the defendant's affidavit of defence.

The first objection is that the defendant was summoned to appear before the alderman to answer in an action of *assumpsit;* that the evidence heard by the alderman, and the record as he has returned it, show that the action should have been in trespass, and, therefore, that this appeal should be dismissed. With this objection we are not in accord. Even if the position was sound, the Court of Common Pleas, upon appeal, has a right to amend the alderman's record: Bratton v. Seymour, 4 Watts, 329. It appearing that the cause was tried on its merits, the judgment, being right, should not be reversed: Weiler v. Kershner, 109 Pa. 219. It is not going too far to declare that where the parties have voluntarily tried an action of trespass under pleadings applicable only to actions on contracts, it is a waiver of all objections to the form of action, and also to any variance between the form of proceedings before the justice and that tried on appeal in the Common Pleas: Steckel v. Weber, 20 Pa. 432-435. Justices of the peace are not familiar with technical distinctions, and it would be monstrous to suffer an error in the style of the action to deprive a party of his appeal. But wherever the justice had jurisdiction, in any shape, of the cause of action laid in the declaration, we will suffer no misconception of form to stand in the way of the appeal: Esher v. Flagler, 17 S. & R. 141. On appeal, then, where all further proceedings are strictly to be according to the forms of the common law, what, in a case like the present, is the appellate court to do? It must either require an equal degree of conformity to rules of practice on the part of the justice, and thus render this useful tribunal inefficient, or it must disregard previous incongruities, by looking exclusively to the substance and considering the action, so far as respects technicalities, as if it were just originating in the Common Pleas: Graham v. Vandalore, 2 Watts, 131; Evans v. Brown, 19 Dist. R. 22. We think, therefore, the form of action before the justice and upon this appeal is not so material, and this objection is overruled.

The second objection to the jurisdiction of the alderman was that the action being in trespass, he was without jurisdiction, and the case must be dismissed. It appears that the damage done to the automobile of the plaintiff was direct and the injury immediate, and damages would, therefore, have been recoverable in the common law action of trespass *vi et armis,* and, therefore, the

3 D. & C.

justice had jurisdiction. The Act of March 22, 1814, § 1, 6 Sm. Laws, 182, provided that the justice of the peace shall have jurisdiction in all actions brought for the recovery of damages for injuries done or committed on real or personal property where the damages do not exceed $100. This has since been made $300. We think, therefore, that the justice had jurisdiction in this case: Sprout v. Kirk, 36 Lanc. Law Rev. 129; Carlson v. Johnson, 2 D. & C. 109-111.

It appearing to us from the pleadings, therefore, as well as from the record of the alderman, that this was really an action in trespass, and not in *assumpsit*, and the plaintiff having declared in this court in trespass, and the defendant having filed an affidavit of defence to the case upon the merits, his motion to dismiss the appeal must be overruled, and it is so ordered.

From William Jenkins Wilcox, Harrisburg, Pa.