From Homer L. Kreider, Harrisburg, Pa.

## N. B. Keim & Son v. Haefner.

*John L. Du Bois*, for plaintiff; *Samuel B. Stilwell*, for defendant.

KELLER, J., June 3, 1929.—The plaintiff asks to recover from the defendant upon an alleged paper writing designated as a guarantee of payment of a certain promissory note dated Jan. 13, 1925, signed by one Howard Miller, and promising to pay to the order of N. B. Keim & Son, at the Peoples National Bank of Langhorne, Penna., one day after date, the sum of $210.10, upon which were made three payments aggregating $35, leaving a balance due of $175.10, a copy of which note is set forth in the plaintiff's statement. Plaintiff further avers, that at the time said promissory note was executed, the said Howard Miller delivered to the plaintiff a paper writing bearing the same date and executed by the defendant and duly witnessed, guaranteeing

the payment of the said promissory note, which paper writing subsequently became lost or mislaid; that a diligent search has failed to disclose its whereabouts and that frequent demands for payment have been made of the defendant above named, under his written guaranty, but that he has refused to pay the same or any part thereof.

The defendant filed an affidavit of defense in lieu of a demurrer, averring that the plaintiff has not made out a complete cause of action, in that he failed to set forth a copy of the alleged written instrument designated as a guaranty of payment of said note.

This action is based entirely upon the alleged guaranty. Under the statute of frauds, any promise to pay the debt of another, in order to be enforceable at law against the promisor, must be in writing, and under section 5 of the Practice Act of May 14, 1915, P. L. 483, and amendments thereto, "every pleading shall have attached to it a copy of all notes, contracts, book entries, . . . if any, upon which the party pleading relies for his claim."

Where a pleading is defective in form, the proper practice is to have it amended or stricken off or a rule taken for a more specific statement, but where there is a defect in substance, or where the statement is not self-sustaining, an affidavit of defense raising a question of law may be filed.

Before the plaintiff can hold the defendant to answer his statement, he must set out a complete and valid statement of claim. "To entitle one to judgment for want of a sufficient affidavit of defense, his statement of claim must aver, in clear and concise terms, all facts essential to support the judgment asked:" Parry v. Bank, 270 Pa. 556-559.

It is contended by the defendant that the claimant should have set forth in his statement a copy of the alleged paper writing or guaranty, because of the fact that the legal effect of writings attached to the pleadings in a case is for the court. In this we agree. This suit being brought upon a contract or agreement which would be unenforceable unless reduced to or confirmed by writing, such writing is, therefore, part of the contract upon which plaintiff must rely for his claim, and under our Practice Act a copy thereof must be attached to the statement.

There is a further objection to the sufficiency of this statement. Assuming that the alleged writing is a guaranty of payment of the note set forth in the statement, it imposes a secondary rather than a primary liability on the part of the defendant. There is nothing in the statement to show that the plaintiff has made any demand upon or has used due diligence to recover the money from the maker, the only averment in this connection being that the demand was made of the defendant. A contract of guaranty, unlike that of suretyship, is collateral and secondary, the guarantor being liable only where the debtor has proven insolvent after due diligence by the creditor to obtain payment.

The only reference in the plaintiff's statement to the alleged guaranty is "a paper writing guaranteeing payment." This is purely an inference or conclusion of law and insufficient without more, in the opinion of the court, to require the defendant to answer.

We feel that the plaintiff's statement is defective in substance and insufficient, and the question of law raised by the affidavit of defense is, therefore, decided in favor of the defendant, without prejudice, however, to the right of the plaintiff to amend the present statement of claim or to file a new statement of claim which will contain the necessary averments as to said writing and contents, and demand of the person primarily liable, within fifteen days from this date.                     From Calvin S. Boyer, Doylestown, Pa.