BROWN et al. v. McCAREY et al.

No. 3741.

District Court, M. D. Pennsylvania.

Jan. 11, 1939.

George I. Puhak, of Hazleton, Pa., for plaintiffs.

Snyder, Hull, Leiby & Metzger, of Harrisburg, Pa., for defendants.

JOHNSON, District Judge.

This is an action by the trustees of the Woodside Mining Company, Incorporated, to recover $12,867.38, from the Conservator and the Receiver of the First National Bank of Freeland, Pennsylvania. The case was tried before the court and a jury at Harrisburg, Pennsylvania, May 3, 1938, and a verdict rendered in favor of the defendant. The plaintiffs have moved for judgment notwithstanding the verdict on a point reserved, and for a new trial.

The motion for judgment on the point reserved will be considered first. This motion raises the question whether as a matter of law there was sufficient evidence to justify the jury in finding a verdict in favor of the defendant.

Plaintiffs' pleadings allege in substance that the Woodside Mining Company was incorporated on January 10, 1933; that it was adjudicated a bankrupt on May 18,

1934; and that the plaintiffs are the duly elected trustees in bankruptcy for the corporation. It is further alleged that the corporation deposited certain funds in the First National Bank of Freeland, and that during the conservatorship certain transfers were made from this account without authority from the corporation, and without any checks of the corporation to cover the transfers.

There was evidence to support plaintiffs' allegations. There was also evidence, however, from which the jury were warranted in finding that the bank did not receive the deposits for the account of the Woodside Mining Company, Incorporated; and that the deposits were, in fact, made in the name of "Woodside Mining Company, William R. Gallagher", withdrawn in accordance with the authority given at the time of the deposit, and that the bank had no knowledge of the formation of the corporation. A finding of these facts would require a verdict for the defendants as a matter of law. Parry v. First National Bank of Lansford, 270 Pa. 556, 113 A. 847.

There was also evidence from which the jury could have found that the officers of the corporation knew the facts surrounding the deposits and transfers in question, and took no action to notify the bank. Such a finding would also support a verdict for the defendants. First National Bank v. Farrell, 3 Cir., 272 F. 371; Leather Mfg. Nat. Bank v. Morgan, 117 U.S. 96, 6 S.Ct. 657, 29 L.Ed. 811.

The issues of fact outlined above were for the jury, and there was ample evidence to sustain the verdict. Therefore, the motion for judgment on the point reserved must be dismissed.

Six reasons are assigned for a new trial. The first three raise the same question raised by the motion for judgment. There is no merit in these reasons, as stated above.

The fourth reason relates to the refusal of the court to admit in evidence "Exhibit B" of the affidavit of defense offered by the plaintiffs. This exhibit was an excerpt from the minutes of the Board of Directors of the Corporation authorizing the deposit of moneys of the corporation, and their withdrawal on the signature of William R. Gallagher, Treasurer. The purpose of the offer was to show that the defendant conservator, Mc-

Garey, knew of the incorporation. There was no proof, however, that McGarey knew of this document at the time of the transactions in question, and in the absence of such proof, the exhibit was clearly inadmissible for the purpose stated.

The plaintiffs' other reasons for a new trial allege errors in the Court's charge to the jury. The court has carefully examined the record and considered all of the reasons and finds them without merit. In each case where exceptions were taken by the plaintiffs, the court, when there was any question or doubt, explained and amplified the main charge fully and fairly and the whole case was submitted to the jury without substantial error, and the jury were fully warranted in their verdict, which should not be disturbed.

And now, January 11, 1939, the motion for judgment notwithstanding the verdict on the point reserved is overruled, and the motion for a new trial is overruled and a new trial refused and judgment is directed to be entered on the verdict.